Judge Ewing
delivered the Opinion of the Court.
The complainant’s bill is so unskilfully drawn, that it is rendered difficult to determine what relief, if any, should be afforded him. But, upon the best scrutiny we are enabled to give to the whole case, we think he is entitled to some relief.
The answer is evasive, and irresponsive to the several charges contained in the bill. It admits the conveyance, and denies, in general terms, the consideration set out, and attempts to set out another, to wit. That it was given for thirty dollars advanced to buy his beds, in part, and the residue was for property of the complainant, which he had bought under execution and surrendered back to him; without alleging what property, or its value, or what he had bid for it. The facts disclosed in the answer, may be partially true, and if so, might have furnished, in the conscience of the defendant, a sufficient pretext for the general denial of the consideration, as-charged; and yet it might be true, that there might have been an understanding that he should purchase the articles, and that they were to be given up, upon the money advanced for the purchase being secured, by the conveyance of the land, as security for its re-payment, with usurious interest. And this conclusion is strengthened from the fact, that he does not pretend to show what was the bargain for the land; what the price agreed on; when paid, or to be paid, or what was the value fixed on it, or whether sold in gross or by the acre. These things are generally well known and agreed on in a bargain of purchase, and if there be no intended concealment, might have been easily set out. The defendant, after making the foregoing general response, and evasive explanation, concludes, in equally general *297 terms, that “what the complainant says about the ninety eight dollars and usury &c. is false;” making his denial apply to both charges, to wit. the ninety eight dollars and usury, without denying in separate and direct terms, that the eighteen per cent, charged, or any other per cent, in usury, was agreed on, or promised to be refunded, upon the ninety eight dollars, or any other sum. Nor does he pretend to deny, that Commonwealth’s paper was advanced, and that it was at a depreciation at the time, or that the complainant was to have the right to redeem the land, upon refunding the money advanced and usury. And the conclusion is still further strengthened, that there was no purchase, from the fact of the complainant’s having been permitted to remain in the possession so long.
The bill alleging that the loan was in Com’th’s paper, and the answer not denying that allegation, the value of the paper must be taken as the sum loaned.
The amount of usurious interest to be ascertained, in the conrt beiow,by a com missioner , and deducted from the debt; and upon payment of the balance with lawful interest, the conipl’t to have the land re-conveyed to him.
The proof is, also, persuasive, indeed perfectly satisfactory to the mind, that the land was held as a security for money loaned, and was to be re-conveyed upon its re-payment; and the evasions of the answer, together with the proof of his urgency upon an embarrassed man, to have an absolute conveyance, that he might have the power in his own hands, as the means, as he said, of saving himself from the advantages which others had taken of him, to whom he had loaned money, all confirm us in the opinion, that eighteen per cent., or some other per cent., in usurious interest, was reserved, and intended by the absolute conveyance to be secured.
But what sum, or what description of money, was advanced, and what shall be refunded, is not so clear*
The witnesses all concur, in stating it to be one hundred dollars, according to his (the defendant’s) repeated confessions. But it is not stated whether it was one hundred dollars in good money, or in Commonwealth’s paper. But we are inclined to think, as the loan is charged to have been made in Commonwealth’s paper, and the defendant has not denied it, and as Commonwealth’s paper was the general currency at the time, that that was the quality of money advanced.
The decree of the Circuit Court is, therefore, reversed, and cause remanded, that a decree may be rendered, requiring the defendant to re-convey the land conveyed *298 to him, with costs, upon the complainant’s re-paying to the defendant, the value of one hundred dollars in Commonwealth’s paper at the date of the deed, with interest thereon, and the costs at law, on a day to be fixed by the Court, and on his failure to make payment, that his bill be dismissed with costs, without prejudice — the Court first ascertaining, by a commissioner, the value of the Commonwealth’s paper, in specie, at the date of the deed. And the plaintiff is entitled to his costs in this Court.