# Collyer *versus* Collyer *et al.*

*Proper Course of Proceedings in Equity for an Account between Partners.*

1. On a bill in equity for an account between partners, the defendant's liability to account is a preliminary question in the cause, which should be decided by a decree for or against him before reference to a master, on the general questions connected with their partnership transactions.

2. Where the answer of a respondent avers an assignment of complainant's interest in the concern, under which his right to an account is denied, the assignment becomes thereby a preliminary question to be disposed of by a jury, unless the parties prefer a master or a referee.

3. Where therefore this rule was disregarded, and the bill, the answers, and testimony exhibited an indiscriminate mixture of allegations and evidence on the main and preliminary questions in the cause, and the bill was dismissed without anything to show which of the questions were decided against the complainant, this court reversed the decree of the court below, and remitted the cause, to be proceeded in according to the course of equity practice.

CERTIORARI to the Common Pleas of *Philadelphia county.*

2 WR.—17

[Collyer v. Collyer et al.]

In EQUITY.—This was a proceeding in equity by Robert Collyer, against Perry McNiell and George Collyer. The parties were partners for the purpose of fulfilling a contract which George Collyer had made with the Blue Ridge Railroad Company, for cutting a tunnel through the Blue Ridge, in Pickens District, South Carolina. The firm name was George Collyer & Co. The work was commenced by the partners, who continued until December 1857, when they sold out their stock, &c., to Humbird, Hitchcock & Co., settled with the railroad company, and dissolved partnership. The balance due to the firm from the company was $28,833.33, which, according to the allegations of the complainant, was taken up by McNiell and George Collyer, McNiell having received $13,833.33, and George Collyer $15,000. The bill of complainant, which was filed May 3d 1858, prayed for an account, an injunction, and a receiver. An injunction was granted and a receiver appointed, but the injunction was afterwards dissolved on the application of George Collyer, who, in his answer, filed June 18th 1858, denied that Robert Collyer was a member of the firm, having sold his interest therein to the respondent.

McNiell, in his answer, which was filed September 21st 1858, admitted that he had the sum of $13,833.33 in his hands, but did not deny Robert Collyer's interest in the partnership, or that he was entitled to an account, but expressed a desire that an account might be had, and the affairs of the partnership closed.

To these answers replications were filed September 22d 1858, and a master appointed, by whom a volume of testimony was taken in the cause. On the 11th of June 1859, the bill was dismissed, whereupon the case was removed into this court by the complainant, who assigned the dismissal of his bill by the court below for error.

*Henry T. King*, for appellant.

*W. L. Hirst* and *J. D. Bennett*, for appellee.

The opinion of the court was delivered, February 21st 1861, by
LOWRIE, C. J.—This case was evidently tried improperly, and therefore it comes up before us in a shape that does not entitle it to decision by us. The preliminary question of the cause, the defendant's liability to account, was not distinguished from the question how much would be due on the account, and therefore there was no preliminary decree for or against the right to an account, and the bill, answers, and testimony contain an indiscriminate mixture of allegations and evidence on both these questions, and we have nothing to show which of them was decided against the plaintiff.

[Collyer *v.* Collyer *et al.*]

The preliminary question ought to have been decided first, and on the pleadings it would have been decided in favour of the plaintiff, but for the defendants' allegation that the plaintiff had assigned to the defendant Collyer all his interest. The fact of the assignment thus became the preliminary question, and the evidence ought all to have been directed to it. The parties have made that a very complicated question, and we think the decision of it ought to have been referred to a jury, unless the parties prefer a master or referee. We are quite unwilling to decide it. If the ~~part~~ of assignment be proved as alleged, whether made *bonâ fide* or with the fraudulent purpose of both parties to make use of it as a means of defrauding the railroad company, then the bill ought to be dismissed; but if not made at all, there ought to be a decree for an account, and then the case ought to go to a master to take the account. That this course may be pursued, we must reverse this decree.

> DECREE.—This cause came on for hearing on an appeal from the decree of the Court of Common Pleas of Philadelphia dismissing the plaintiff's bill, and was argued by counsel, and now, after due deliberation had thereon, it is ordered and decreed that the said decree of the Common Pleas be reversed, and that the cause be remitted to the said court to be further proceeded in according to the course of equity practice. And it is further ordered that on the trial of the issue relative to the assignment, the parties have leave to read in evidence the testimony already taken by the examiner, so far as the same is relevant to said issue.