## ALEXANDER BEATTY, Respondent, *v.* ADOLPHUS SYL-VESTER, Appellant.

Where goods are pawned as security for a running account, it is not essential that the pawner should tender the amount of account before filing a bill to redeem.

If he proffers to account with the pawnee, and pay whatever is found due on such accounting, and that proffer is refused, he may bring his complaint for accounting and redemption at the same time; and if the pawnee has sold the goods, he may have a decree for the balance due him from the proceeds of sale.

The admission of hearsay evidence about a point which was immaterial and which could, by no possibility, have injured appellant, will not be ground for reversing a case.

When a party makes out a good *prima facie* case for a continuance on account of the absence of a material witness, the Court is not justified in refusing the continuance because it may imagine the possible existence of facts which, if shown, would have been sufficient in avoidance of the case made by the party moving.

When the Court below errs in refusing a continuance, and an exception is taken and made a part of the record by regular bill of exceptions, signed by the Judge, there is no imperative necessity for a motion for a new trial, to bring the point before this Court.

When county warrants are pledged to a merchant as security for a running account, and there is an agreement that the merchant may at any time sell the warrants at fifty cents on the dollar or take them himself at that price, he will not be allowed to hold them at that price unless he shows clearly, either that he notified the pawner of his intention to take them at the rate of fifty cents, or actually gave him credit at that price on his books.

If there was any fraudulent or unfair conduct on the part of the pawnee, he will not be allowed to hold the warrants at fifty cents on the dollar.

Appealed from the District Court of the Seventh Judicial District, Hon. Benjamin Curler, presiding.

*Hubbard & Wells*, for Appellant, made the following points:

*First.* The Court erred in overruling the demurrer of the defendant to the plaintiff's complaint.

*Second.* The Court erred in overruling defendant's motion for a continuance.

*Third.* The Court erred in permitting answers to be made to the several questions set out in the transcript as having been asked by counsel for plaintiff, objected to by counsel for defendant, and

permission given by the Court to be answered.    Also in the admission of the documentary evidence, offered and received in the case.

*Fourth.* The Court erred in overruling defendant's motion for a nonsuit.

*Fifth.* The Court erred in overruling defendant's motion, or request, to reduce its rulings or decisions to writing.

*Sixth.* The Court erred in entering such a judgment as it did in this cause, on such a verdict; the verdict being contrary to the law, and not supported by the evidence.

*Thomas E. Haydon,* for Respondent, made the following points :

This Court will not order a new trial in a case where the Court below erred in refusing a continuance, on account of the absence of a material witness, unless the party complaining of the error moves for a new trial in the Court below, and produces the affidavit of the absent witness showing what he would have proved if present, or accounts for his not producing such affidavit.   (*Putah Creek Canal Co.* v. *Chapman,* 11 Cal. 162; *People* v. *DeLacy,* 28 Id. 590 ; *People* v. *Jocelyn,* 29 Id. 563 ; *Griffin* v. *Polhemus,* 20 Id. 181 ; *Crosby* v. *Snow,* 16 Maine, 121 ; Graham &. Waterman on New Trials, Vol. III, 1,001 ; *Bright* v. *Wilson's Adm'r* ; 7 B. Monroe, 124.)

The granting of continuances is always a matter of discretion with the Court below, not to be interfered with by an Appellate Court, except in extreme cases. (*Hill* v. *Bishop,* 2 Alabama, 320 ; *Hill* v. *Gayle,* 1 Alabama, 775.)

Opinion by BEATTY, C. J., LEWIS, J., concurring.

The plaintiff filed his complaint, stating in substance that he had pledged certain county warrants as security for an account he was contracting with defendant at the time of the pledge; that he had since offered to pay his account, and demanded the redelivery of the articles pledged, but defendant had refused to account or redeliver, etc.

The prayer is for an accounting with the defendant, and asking that upon such accounting, and upon the payment of the money due on the account, defendant should be compelled to surrender the

pledged warrants, or if the warrants were collected or converted, then for a judgment for the value thereof. Defendant first demurred to the complaint; and on that being overruled, he answered.

The answer admits that the warrants were pledged as alleged in the complaint. But by way of defense, it is alleged that when the warrants were pledged there was a special agreement that the defendant might at any time sell them at their market value, and apply the proceeds on the debt for which they were pledged; or if he chose, he might at any time appropriate them to his own use, giving plaintiff credit for the value thereof at the time of appropriation.

Defendant further alleges, that at a time subsequent to the original pledge of the warrants, there was another and further agreement between the parties, that defendant might either sell the warrants for fifty cents on the dollar, and credit plaintiff with the amount realized, or he might himself take the warrants at fifty cents on the dollar, and credit plaintiff with the amount.

Defendant avers, that he did elect to take the warrants at fifty cents on the dollar, did credit plaintiff with the proceeds, and that after such credit had been given there was an accounting between the parties, and plaintiff fell in debt to him on such accounting; that the amount still due on said account over and above the proceeds of the warrants is eighty-five dollars.

The cause went to trial before a jury, who rendered a verdict in favor of plaintiff for $342.28. The defendant appeals, and makes several points before this Court.

The first is, that the complaint does not state facts sufficient to constitute a cause of action. We see no defect in the complaint. The pledge was to secure a running account. It could not be expected that plaintiff would know the exact amount of his account. It was not necessary for him to tender anything. It was sufficient for him to demand the items of his account, and show himself willing to pay whatever was found due. The offer of redemption in his complaint is also sufficient. (See *Stupp* v. *Phelps*, 7 Dana, 296.) There is no defect in the complaint.

There is also an objection raised by defendant to certain evidence

which was admitted by the Court below as to the payment of the warrants which were the subject of controversy in this case.

It seems that the County Treasurer paid one of these warrants, subsequent to the bringing of this suit, to one Sine, who presented it for payment.

The Court allowed the Treasurer to prove that Sine said he was collecting the money for defendant. This was certainly hearsay evidence, but this was immaterial. The defendant admits having received the warrants, and was answerable for their face after they were paid, whether paid to himself or another, unless he could prove a lawful conversion. So although this was mere hearsay, it did no harm. It was sufficient to prove that the Treasurer had paid the warrants described in the pleadings, without any proof as to who received the money.

There is, however, one serious error, which must reverse this case. The defendant made an affidavit for a continuance. That affidavit states with precision what he expects to prove by an absent witness. It shows due diligence in trying to procure the attendance of the witness; it shows clearly that the witness was detained from Court by sickness, rendering it impossible for him to travel from Belmont, his place of residence, to Ione, the county seat. In fact it shows all that need be shown to entitle a party to a continuance on account of an absent witness.

If this showing did not entitle the defendant to a continuance, we can hardly conceive of any showing that would be sufficient for such purpose. The only reason urged why the Court may have been right in refusing to grant the continuance is, that defendant fails to negative the proposition that he knew beforehand that witness would be sick; that if he did know witness had a disease which would confine him to his residence for a long time, he should have taken his deposition.

We think an affidavit for continuance need not negative every possible suggestion that might be made in avoidance of the facts set up in the affidavit. If it was true that the witness had some chronic disease which was likely to confine him at home for a long time, and defendant knew that fact, and he had time after issue joined, he should have taken his deposition. But there is nothing

to show that witness had been confined for any length of time—nothing to show defendant knew anything about his being sick until the subpœna was served, a few days before the case was set for trial.   The case had been at issue only a very short time.   We think it is clear the Court did not exercise a sound discretion in refusing the continuance.

But it is urged that, admitting the Court did err in refusing the continuance, the defendant should not have relied alone on his bill of exceptions, showing the circumstances under which the continuance was refused, but should have moved for a new trial, and shown by the affidavit of absent witness what he would have proved on the trial if he had been present and sworn.   No doubt there are many cases where the party complaining of being forced into trial might greatly strengthen his position before this Court by showing, on a notice for a new trial, by the affidavit of the absent witness himself, what he would have proved.   But if there is a clear case for continuance made out, and the record shows the party asking for a continuance excepted to the ruling of the Court refusing to sustain his motion, there is no imperative necessity for a motion for a new trial.   In this case, nothing could have been gained by such a motion, unless the appellant had gone to Belmont—a point many miles distant from the place of trial—to take the affidavit of a sick witness.   Such expense, we think, was unnecessary.

The case must be reversed, and sent back for new trial.

In retrying this case, the following questions of fact should be settled : First, what is the amount of the debt due from plaintiff to defendant ?   Second, did the plaintiff agree with defendant, as alleged in the answer, that defendant might take the warrants at fifty cents on the dollar of their par value ?

If such agreement was made, did defendant take the notes, give the plaintiff credit for half their par value, and also give the plaintiff notice of such appropriation ?

When these questions are settled, whether before the Court, jury, or referee, the remainder of the case is plain enough.   If there was no contract between the parties allowing defendant to appropriate the warrants to his own use, then he must account for the total amount paid by the County Treasurer.

But if the defendant was by express contract allowed to take the scrip at fifty cents on the dollar, then he will only have to account for one-half the face of the warrants, and interest up to the time he gave the plaintiff credit for them.

The defendant should not be allowed to hold the warrants at half their face, unless upon clear and satisfactory evidence not only that there was a contract allowing him so to do, but that he did elect to hold the warrants, and did make that election apparent by crediting that amount on his books to plaintiff, or else giving personal notice to plaintiff that he had elected to take the warrants. A mere resolution in his own mind to take the warrants would not be sufficient. It must have been such an appropriation that the plaintiff could have availed himself of it. This is a chancery case, and there is no necessity for a jury in such case.

To allow the defendant to appropriate these warrants to his own use at only fifty cents on the dollar, and that when he must have known that in a very short time they would be paid dollar for dollar by the Treasurer, is so hard and unconscionable a transaction that it ought not to be sustained by the Chancellor, unless upon clear and satisfactory evidence that the plaintiff agreed to such arrangement, and that the defendant did not make any fraudulent or oppressive use of his position and power over the plaintiff.