V. D. McManama *v.* Isabella Campbell, et al.

**Redemption from Sale of Real Estate—Agreement to Extend Time for Redemption.**

The owner of land sold on decree may redeem it from sale within a year, but where the purchaser at such a sale for a consideration agrees to give the owner a longer time and breaks the agreement and procures a deed from the sheriff, the owner may set such deed aside and be allowed to redeem within the time agreed upon between the parties.

APPEAL FROM GRANT CIRCUIT COURT.

January 26, 1876.

OPINION BY JUDGE PRYOR:

It is alleged in substance in the amended answer that before the expiration of the year in which the appellant had the right to redeem, it was agreed between himself (the defendant) and the plain-

tiffs that the time for redemption should be extended until the first of March, 1873, in consideration that the defendant would at that time pay to the plaintiffs the sum of one hundred dollars in addition to the amount that would be due on the execution; that the plaintiffs, prior to that time, and in violation of .the agreement, obtained from the sheriff a deed to the land, and are now asserting their right to recover the possession by reason of said deed, etc. He asks that he be allowed to redeem and the deed be cancelled.

If such was the agreement between the parties the appellees were not entitled to a deed until the expiration of the time at which the appellant was allowed to redeem, and having violated their agreement by accepting the deed, or having it executed to them by the sheriff before they were entitled to it, cannot defeat appellant's equitable right because of his failure to tender the money. This agreement, if made, was binding on the parties and the appellees having procured the deed prior to the 1st of March violated the contract and released the appellant from the necessity of making a tender. It was, in effect, saying to appellant, "You shall not have the land although you may be willing to pay the money," and besides, the deed, having been made before the time for redemption expired, passed no title to appellees. That it was so made is admitted by the demurrer, and all the allegations of the answer and amended answer must be taken as confessed. The appellant is now asking to enforce the agreement, and he should be permitted to redeem if the statements of his answer are sustained by the proof. The court erred in refusing to permit appellant to file his amended answer offered at the May term, 1875. It is too late to object to the manner in which the last pleading was supplied after the answer was filed, even if it be regarded as error.

The judgment is *reversed* and cause remanded with directions to award appellant a new trial, and for further proceedings consistent with this opinion. *Stapp v. Phelps,* 7 Dana 296.

*J. J. Laudnun, for appellant.*
*J. M. Collins, E. H. Smith, for appellees.*