Solomon Castoriano, Respondent, *v.* Rene Dupe, Appellant.

Where it appears by the complaint in an action in equity that plaintiff is entitled to equitable relief by way of restraining the doing of some act by defendant, the granting of an injunction *pendente lite* is within the reasonable discretion of the trial court, and the exercise of this discretion is not reviewable here.

The complaint in this action alleged the execution by plaintiff of a bill of sale, absolute on its face, of certain embroideries and its delivery to defendant as collateral security for a debt owing to him, the amount of which was to be determined at the date of the transfer, but was not and has not been; that defendant claims to hold the goods as absolute owner, and asserts a liability on plaintiff's part for sums not due or owing; that an accounting is necessary to ascertain the true amount of the debt; that plaintiff is ready and willing to pay whatever sum may be adjudged due from him in order to redeem the goods, and had made a tender of a sum specified, but that defendant refused to accept it, and has advertised the goods for sale at public auction; that the embroideries are peculiar in their character, and their value can only be ascertained by private sales to a narrow range of customers, and they would be sacrificed by a sale at public auction. Judgment was asked that the bill of sale be declared to be collateral; that an accounting be had, and upon payment of the amount found due that the goods be restored to plaintiff; also for an injunction restraining the sale. *Held*, that the complaint set forth a good cause of action; that a remedy at law, *i. e.*, by replevin to recover the goods, was not adequate, as the amount due was in dispute and uncertain; that the court below had power to make an order granting a temporary injunction; and that such an order was not reviewable here.

(Argued February 25, 1895; decided March 12, 1895.)

Appeal from order of the General Term of the Court of Common Pleas for the city and county of New York, made January 9, 1895, which modified, and affirmed as modified, an order of Special Term granting an injunction upon application by plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. Parkhurst* for appellant. The injunction should be absolutely vacated on the insufficiency of the papers upon which it was granted. (Code Civ. Pro. § 604; Beach on Inj.

§§ 18, 47, 133, 136; *McHenry* v. *Jewett*, 90 N. Y. 58; *T., etc., R. R.* v. *B., etc., R. R.*, 86 id. 107; *Jackson* v. *Bunnell*, 113 id. 216; *Olssen* v. *Smith*, 7 How. Pr. 481; *Mowry* v. *Sanborn*, 65 N. Y. 584; High on Inj. §§ 7, 35; *Martin* v. *Gross*, 4 N. Y. 337; *Cushing* v. *Ruslander*, 47 Hun, 19, 23; *Selchur* v. *Baker*, 93 id. 59.) When there is a perfect remedy at law an action in equity for relief by injunction cannot be maintained. (*Porter* v. *Parmley*, 43 How. Pr. 453; *Hulsen* v. *Walter*, 34 id. 388; *Charter* v. *Stevens*, 3 Den. 388; Code Civ. Pro. § 3339; *Marsh* v. *McNair*, 99 N. Y. 178; *Barry* v. *Ins. Co.*, 110 id. 1; *Thomas* v. *Scutt*, 127 id. 140; *Barry* v. *Colville*, 53 Hun, 621; *Despard* v. *Walbridge*, 15 N. Y. 734; *Horn* v. *Keteltas*, 46 id. 605; *Marvin* v. *Prentice*, 94 id. 301; *Hutchins* v. *Hutchins*, 98 id. 65; *Mathews* v. *Sheehan*, 69 id. 585; *Thompson* v. *Hodskin*, 13 Wkly. Dig. 367; *De Klyn* v. *Davis*, 1 Hopk. 135; *Tiffany* v. *St. John*, 65 N. Y. 315; *Uhlmann* v. *N. Y. L. Co.*, 109 id. 421, 423.) A party cannot rush into equity for the purpose of depriving defendant of the constitutional right of a trial by jury. (*Grand Chute* v. *Winegar*, 15 Wall. 373.)

*Franklin Pierce*, for respondent. The order made by the General Term herein is not appealable to this court. (*H. R. T. Co.* v. *N. T. Co.*, 121 N. Y. 397.) It is not really claimed by the appellant herein that the complaint does not set forth a cause of action. His claim is rather that the plaintiff has an adequate remedy at law, and, therefore, cannot bring an action in equity and obtain an injunction. Even though this be true, the defendant in order to insist that the plaintiff has an adequate remedy at law must allege it in his answer. (*Ostrander* v. *Weber*, 114 N. Y. 102.) The complaint sets forth a perfect cause of action in equity. (Thomas on Chat. Mort. & Cond. Sales, §§ 213–220; Pom. Eq. Jur. § 1230; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 62, 100; *Harrison* v. *Bray*, 92 N. C. 488; *Gooch* v. *Vaugh*, Id. 610; *Bridger* v. *Morris*, 90 id. 32; *Vechte* v. *Brownell*, 8 Paige, 212; *Moffett* v. *Tuttill*, 4 Hun, 75; *Strahlheim* v.

*Wallbach*, 12 Daly, 313; *B. A. Assn.* v. *Watson*, 38 Hun, 945; *Mora* v. *McCredy*, 2 Bosw. 662; *Coldwell* v. *C. W. Co.*, 4 T. & C. 179; *Sickles* v. *M. G. L. Co.*, 64 How. Pr. 33; *D. M. Co.* v. *Roeber*, 35 Hun, 451; 106 N. Y. 473; *Case* v. *McCabe*, 35 Mich. 101.)

Finch, J.   This appeal is from an order granting an injunction during the pendency of the action.   We regard such an order as within the discretion of the trial court in a case where it appears by the complaint that the plaintiff is entitled to equitable relief. (*Hudson River Telephone Co.* v. *Watervliet Turnpike Co.*, 121 N. Y. 397.)   The complaint here alleges the execution by plaintiff of a bill of sale, absolute on its face, of certain embroideries, and its delivery to the defendant as collateral security for a debt owing to him; that the amount of that debt was by agreement to have been determined at the date of the transfer, but was left undetermined and remains so still; that the defendant claims to hold the goods as absolute owner and asserts a liability on the part of plaintiff for sums not in truth due and owing; that an accounting is needed to ascertain the true amount of the debt which plaintiff must pay in order to redeem his property; that the embroideries are articles of a peculiar character, whose value can only be reached by private sales to a narrow range of purchasers, and which would be sacrificed by a sale at public auction; that plaintiff has tendered to the defendant the sum of eighteen hundred dollars to redeem the pledged goods, which the defendant has refused and has advertised the property for sale; and that the plaintiff is ready and willing to pay whatever sum may be adjudged to be due from him in order to redeem the pledged goods.   Judgment is then demanded that the bill of sale be declared to be collateral to the debt due the defendant; that an accounting be had to settle the amount of that debt; that upon its payment the defendant be required to restore the goods, and that an injunction issue restraining a sale which would make the final relief demanded ineffectual.

There can be no doubt that a sufficient cause of action in

equity is stated in the complaint. To turn the bill of sale into a collateral security merely, and then to redeem the pledge upon payment of the debt to be ascertained by an accounting is clearly proper subject-matter for an equitable action. But the appellant principally relies upon the contention that the complaint discloses on its face the fact that plaintiff has an adequate remedy at law, and so there is no ultimate right to equitable relief. The claim is that, having tendered eighteen hundred dollars and demanded a return of the goods, he may sue at law and recover the embroideries by a replevin. That remedy would perhaps be adequate if there was no question about the amount of the debt, but is certainly not adequate where the amount is in dispute and wholly uncertain. The plaintiff was not bound to peril his whole right by an adoption of the legal remedy, but was at liberty to redeem in equity where an accounting could be had and the ascertained debt be paid.

It follows that the trial court had power to grant the temporary injunction in the exercise of its reasonable discretion, and no appeal lies to this court from the order.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.