[No. 1357.]

COLBURN v. RILEY.

1. ACTION TO RECOVER PERSONAL PROPERTY—ALTERNATIVE JUDGMENT.

In an action by a pledgor to recover from the pledgee mining stock that had been pledged to secure a loan, or its value, the defendant cannot complain that the judgment was only for the return of the stock instead of being in the alternative for the return or for its value.

2. SAME.

In an action for the recovery of mining stock or its value, where the answer of defendant disclosed that he was in possession of the stock and that it could be returned, an alternative provision in the judgment for the value of the stock in case it could not be returned was unnecessary.

3. PLEDGE—REDEMPTION—EQUITABLE ACTION.

A pledgor may maintain an equitable action to redeem a pledge, and in such action the court may order the pledgee to deliver the pledged property into court within a certain time, instead of merely giving judgment for possession and leaving the plaintiff to the ordinary processes of the court to enforce the judgment.

*Appeal from the District Court of El Paso County.*

Messrs. VANATTA & CUNNINGHAM, for appellant.

Mr. W. S. MORRIS, for appellee.

WILSON, J., delivered the opinion of the court.

This was an action to redeem and recover possession of 312,000 shares of the capital stock of the Baltimore Gold Mining and Milling Company, claimed to have been assigned and delivered to defendant as a pledge to secure a loan. It was alleged that Mrs. S. A. Riley borrowed $150 from defendant upon a pledge of this stock, receiving at the time from defendant a certificate or receipt to that effect, as follows:

"COLORADO SPRINGS, June 4, 1894.

"Received of S. A. Riley 312,000 shares of the Baltimore

Gold Mining and Milling Company stock, which I will return
on payment of $150 and interest in sixty days.

                         " W. H. COLBURN."

After maturity it was alleged that Mrs. Riley had tendered
payment of the amount of the loan and interest, and de-
manded the return of the shares of stock which was refused.
Thereupon she commenced this suit.   During the pendency
of the action, the plaintiff died, and her husband, E. J. Riley,
was substitued as plaintiff, it being admitted that she had as-
signed to him her interest in the stock, and her right of action.
The complaint contained the usual averments in actions of
this character, and demanded judgment for the recovery of
possession of the shares, or for a certain sum, the value
thereof, and for damages and costs of suit.   The answer con-
tained a general denial of the allegations of the complaint,
and also an averment that on the date of the alleged loan and
execution of the receipt by defendant, the plaintiff, E. J.
Riley, was the owner of the shares of stock, and that on said
date defendant duly purchased the same from said plaintiff;
that the same were thereupon assigned to him, and that from
and since said date, defendant has been the absolute owner of
said stock.   Upon trial to the court, the issues were found in
favor of the plaintiff, and judgment was rendered that within
five days thereafter, the defendant deposit with the clerk of
the court the 312,000 shares of stock in controversy for the
use of the plaintiff, and that within the same time the plain-
tiff pay to the clerk the sum of $167.50 for the use and bene-
fit of defendant.   The chief contention of defendant is that
the judgment was erroneous in that judgment was not ren-
dered in the alternative,—for the value of the stock in the
event that its delivery could not be had.   If the plaintiff,
who was the successful party, saw fit to waive his right to
have included in the judgment an alternative provision for
the recovery of its value, the defendant cannot complain.
*Morrison v. Austin*, 14 Wis. 604; *Stevens v. McMillin*, 37
Minn. 511; Cobbey on Replevin, § 1108.   Moreover, such an

alternative provision was not necessary in the case at bar, because the contingency upon which it is rendered, namely, that the recovery of possession could not be had, did not exist. The defendant by his answer positively averred that he was the owner of the shares, and had been ever since they were assigned to him. This allegation of ownership was an admission that he had possession of the property. His counsel urge that there was evidence to the effect that he had parted with the possession of the stock, but a careful examination of all the evidence contained in the bill of exceptions fails to discover a line of testimony substantiating such a claim.

Neither can it be successfully urged that the court should have contented itself with simply rendering a judgment that the plaintiff recover possession, leaving the plaintiff to the ordinary processes of the court to effectuate the decree; nor did the court err in rendering judgment that the defendant within five days deposit the shares of stock with the clerk of the court. The cause of action was one for which the plaintiff might have resorted to trover, or relied upon replevin, but he was also entitled to maintain an action in equity and for equitable relief in a case of this nature, the object being to redeem a pledge. *Dunne v. Stotesbury*, 16 Colo. 91. This was in the nature of a proceeding in equity, and as the defendant admitted that he had the shares in his possession, the court had the power, and it was proper for it to order him to deposit the certificate thereof in court, to be subject to its judgment upon payment of the money due by plaintiff. The evidence clearly shows that the shares of stock were delivered to defendant as a pledge, and there being no error by the court of which the defendant has any right to complain, the judgment will be affirmed.

*Affirmed.*