(63 App. Div. 99.)

KNOX v. GLEASON et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

ACCOUNTING—REFERENCE—TRIAL OF ISSUES.
     Where, in an action for an accounting, the complainant's right to an accounting is denied, it is error to refer the issues to a referee prior to a trial to determine plaintiff's right thereto.

Appeal from special term, New York county.

Suit by Luella Knox against Herbert P. Gleason, impleaded, etc. From an order of reference, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

William D. Leonard, for appellants.
Norman J. Marsh, for respondent.

INGRAHAM, J. The relief asked for in this action is that an accounting be had between the plaintiff and the defendants as to a

certain business conducted at 1274 Broadway, in the city of New York, under the terms of an agreement which is annexed to the complaint; that the defendants turn over to the plaintiff, free and clear of all claim whatsoever, a certain business, referred to in the agreement, and that the defendants be enjoined from interfering with said business; and for other relief. The defendants admit making the agreement, deny the allegations of the complaint wherein it is alleged that the plaintiff has complied therewith, and deny the other material allegations of the complaint. This action being in equity for an accounting, and the plaintiff's right to an accounting being denied, the defendants are entitled to have the question of the plaintiff's right to an accounting determined upon the trial at special term before a reference could be ordered to take the account. The issue in the action is whether or not the plaintiff is entitled to an accounting. That issue does not require the examination of a long account, or bring the case within the provisions of the Code which authorize a compulsory reference. The accounting, if ordered, may be before a referee; but, until the right of the plaintiff to an accounting is determined, the examination of an account is not involved. We think, therefore, that the court was not justified in referring the issues in the action to be tried by a referee, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.