(71 App. Div. 559.)

JORDAN et al. v. UNDERHILL.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

ACTION FOR ACCOUNTING—REFERENCE.

    In an action for an accounting, where the right thereto was made an issue, a reference to take and state the accounts between the parties should not have been ordered until it had been determined by an interlocutory judgment that the plaintiffs were entitled to an accounting; and until this question had been determined the court had no power to refer.

Appeal from special term, New York county.

Action by Nina Jordan and another against Edward C. Underhill. From an order referring the issues to a referee, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, and INGRAHAM, JJ.

J. A. Koones, for appellant.
G. D. Deane, for respondents.

VAN BRUNT, P. J. This action was brought for an accounting
upon the part of the defendant, who had been acting as agent and
quasi trustee for the plaintiffs in reference to certain moneys and
securities and the investment and reinvestment of the same, and the
collection of the interest thereon. The defendant answered, and,
among other defenses, set up the facts that prior to the commence-
ment of this action he had commenced an action against the plaintiffs
for the purpose of having fixed the value of the services rendered
to the plaintiffs as their agent, and alleging many of the facts con-
tained in the plaintiffs' complaint herein. In this condition of the
pleadings, a motion was made for a reference, which was granted.
We think this was error. A reference could only be ordered to·
take and state the accounts between these parties after it had been
determined by an interlocutory judgment that the plaintiffs were en-
titled to an accounting. That had to be determined upon the trial
of the issues raised by the pleadings. Upon that trial the defend-
ant would have a right to present the fact of a prior action as an
answer to the claim for relief in this action. If the plaintiffs estab-
lish their right to an accounting, an interlocutory judgment adjudg-
ing this fact should be entered, which judgment should direct the
accounting to proceed before a referee to be therein named. Until
this question of the right to an accounting had been determined,
there was no power in the court to refer. A reference of all the
issues, therefore, was improper, and the order appealed from must
be reversed, with $10 costs and disbursements, and the motion de-
nied, with $10 costs. All concur.