### JONES v. LESTER.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. REFERENCE—LONG ACCOUNT—ISSUE AS TO PARTNERSHIP—EFFECT.

     Where, in an action for a partnership accounting, the existence of the partnership is itself in issue, a compulsory reference under Code, § 1013, authorizing one where a long account is to be examined, is improper.

Appeal from special term, New York county.

Action by Charles Francis Jones against George Harry Lester. From an order of reference, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Edmund W. Powers, for appellant.
Charles W. Lefler, for respondent.

McLAUGHLIN, J. This action was brought for an accounting. The complaint alleged, among other things, that at a time stated

the plaintiff and defendant entered into a partnership agreement for the purpose, among others, of conducting a general brokerage business, and by the terms of which the net profits accruing from the business transacted were to be equally divided between plaintiff and defendant. The answer, among other things, denied the existence of the agreement alleged. After issue had been joined, the plaintiff moved that the issue involved be sent to a referee to hear and determine. The motion was granted, and defendant has appealed.

The motion should have been denied. The action is in equity, and the right to equitable relief depends solely upon the existence of the agreement alleged in the complaint; and, this having been denied in the answer, it was the issue to be tried. This issue does not require the examination of a long account, or bring the case within the provisions of the Code (section 1013) which authorize a compulsory reference. The law seems to be well settled that in an action of this character a reference cannot be ordered until it has first been determined whether the parties are or have been copartners. Jordan v. Underhill, 71 App. Div. 559, 76 N. Y. Supp. 95; Knox v. Gleason, 63 App. Div. 99, 71 N. Y. Supp. 213; Averill v. Emerson, 74 Hun, 157, 26 N. Y. Supp. 650; Steck v. Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur