## WELDON v. BROWN et al.

(Supreme Court, Appellate Division, First Department. June 19, 1903.)

**1. SUITS IN EQUITY—ACCOUNTING—TRIAL—REFERENCE.**

A complaint alleged an agreement between the parties whereby plaintiff was to assist in enabling defendant to carry out the business of a corporation which had wound up its affairs, and was to receive one-third of the profits. It also alleged performance by plaintiff, profits in excess of $15,000, and demanded judgment for $5,000. *Held*, that the action was in equity for an accounting; hence the contract should be first established by trial to the court at Special Term, and, if established, the court should then either take the accounting or appoint a referee to do so. A reference ordered before trial of the main issue—the contract—was premature.

Appeal from Special Term, New York County.

Action by Walter S. Weldon against James N. Brown and another. From an order referring the issues to a referee to hear and determine, plaintiff appeals. Reversed.

Argued before HATCH, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Wales F. Severance, for appellant.
Charles F. Mathewson, for respondents.

INGRAHAM, J.   When this case was at issue under the original pleadings, the plaintiff made a motion for a reference upon the ground that a trial of the action would require the examination of a long account.   This motion was opposed by the defendants, and denied, whereupon, in April, 1900, the plaintiff obtained leave to serve an amended complaint, and in June, 1900, the defendants answered this amended complaint.   The case was then put on the calendar, and remained in that condition until called for trial in February, when it was adjourned until March 27th, the case then being set down for trial. The defendants moved for a reference, which was granted, and from the order granting that application the plaintiff appeals.

This action of the defendants in opposing the motion made by the plaintiff when the case was first at issue and then when the action was reached for trial on the calendar, moving for a reference which would involve a long delay, is not to be encouraged.   The defendants' application should not be granted unless it is apparent from the nature of the action and the character of the account to be investigated that it is clearly impossible to satisfactorily dispose of the case before the court or jury.   It is alleged by the defendants that the amendment of the complaint has entirely changed the cause of action, so that, although not referable under the original complaint, under the amended complaint a proper trial of the action requires that it should be tried by a referee.   The original complaint is not a part of the record, but from the statement in the affidavit it would appear that the plaintiff sought to enforce his right as a partner of the defendants.   By the amended complaint it is alleged that some time prior to October 1, 1902, the plaintiff was in the employ of a corporation having its headquarters at Omaha, Neb., which corporation was liquidating its affairs, intending to wind up and dispose of its business, and that the defendants then entered into an agreement with the plaintiff by which the plaintiff was to assist in enabling the defendants to handle the business of this corporation, carry out the transaction in which it had been engaged, and make whatever profits they could; and the defendants agreed to pay the plaintiff, in consideration of the services performed by him, one-third of whatever profits should be made and received by them in and about the transactions and business; that thereafter the plaintiff proceeded with the execution of his part of the agreement up to October 1, 1894, and in some of the said transactions and business the plaintiff received from the defendants one-third of the profits made thereon, but that in nearly all of the said transactions and business the said profits came directly into the hands of the defendants in the first instance, and were received by them, and that the defendants have refused in nearly all of such cases to inform the plaintiff of the nature, extent, and details of the said profits so received by them; that the profits made by the defendants in said business exceeded the sum of $15,000, of which the plaintiff was entitled under the agreement to one-third ($5,000), and therefore demands judgment for that sum. The answer denies the substantial allegations of the complaint, except

that it admits that in the month of September, 1902, the corporation named in the complaint was liquidating its affairs, and attempting to wind up its business; that in certain transactions the plaintiff received from the defendants one-third of the profits made by them in the transactions and business as his compensation for his services to the defendants in such transactions; and for a further defense the defendants allege that the plaintiff has been fully paid for all claims and demands of every description which exist against the defendants, and that all transactions of every description between the plaintiff and the defendants were stated, adjusted, and settled between them.

It is a little difficult to determine from these allegations just what is the cause of action sought to be enforced. Although the plaintiff does not specifically ask for an accounting, the complaint alleges an agreement to divide the profits which had been earned in certain transactions, of which the plaintiff was to receive one-third. The right of the plaintiff to recover depends upon the contract that he is able to prove was made between himself and the defendants. The amount that the plaintiff would be entitled to recover if he proves the contract will depend upon an accounting by the defendants as to the profits that they had made in the transactions covered by such contract. The action, therefore, would seem to be one in equity for an accounting, the main issue being as to the contract or arrangement under which the plaintiff performed the services which he performed for the defendants; and, upon such contract being proved, the defendants would be required to account for the profits received by them in the transactions in which the plaintiff was interested. The contract sued on is entirely different from a contract of employment, where the compensation to be paid to the employé is based upon commissions on the sales made by him, for there no question of profits would be involved, but there would be required only a compensation of the amount of sales made by the employé, and upon the amount of such sales his compensation would be determined. Here the amount to be paid to the plaintiff is not based upon the amount of the business transacted, but upon the amount of the profits realized by the defendants out of such transactions which were involved in the contract made between the parties; and where the question of profits has to be determined, involving as it does the receipts, with a deduction for the amount expended in carrying out the adventure, an accounting is essential to determine the amount to be paid to one of the parties entitled to share in the profits. While it is probable that the contract between these parties, as alleged in the complaint, would not constitute them partners, they were interested in a joint adventure, the amount to be received by the plaintiff to be ascertained only after the termination of the transaction and an ascertainment of the net profits of the defendants. The plaintiff, therefore, would first have to establish the contract, and, if he succeeded in doing so, he would then be entitled to an interlocutory judgment for an accounting. The answer seems to admit that there were some transactions in which the plaintiff was interested, but alleges that as to those transactions he has received the share to which he was entitled. It is quite evident that this case could not be tried before a jury, but, although the form of the complaint has

somewhat obscured the real cause of action, my construction of it is that the action is one in equity, alleging the joint interests of the plaintiff and the defendants in certain transactions in which, by an agreement between the parties, there was to be paid to the plaintiff one-third of the profits realized therefrom. Such a case is, I think, one for an accounting in equity, and the case is to be tried, not at Trial Term, before a jury, but before the court at Special Term. If the plaintiff there succeeds in establishing his contract as alleged, the court can then either take the account itself, or by an interlocutory judgment direct an accounting before a referee.

It follows that the reference was improper until the main issue in the case, viz., as to the contract between the plaintiff and the defendants, was disposed of, and that the order appealed from must be reversed, with $10 costs and disbursements, and the motion for a reference denied, with $10 costs.

O'BRIEN and HATCH, JJ., concur.    PATTERSON, J., concurs on the ground that a reference is not required until after the main issues are tried.

LAUGHLIN, J. (concurring). I concur in the result upon the ground, however, that this is an action at law for compensation for services determinable by profits, and not an action for an accounting. It is essential to show the amount of profits in order to determine the amount of the recovery, but such an account may be taken by the court and jury, or, if that be impracticable on account of the number of items, then by a referee; and is in no sense an equitable accounting. Smith v. Bodine, 74 N. Y. 30; Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267; Code Civ. Proc. §§ 1013, 1015; Parker v. Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734; McCullough v. Pence, 85 Hun, 271, 32 N. Y. Supp. 986; Wisner v. Consolidated Fruit Jar Co., 25 App. Div. 362, 49 N. Y. Supp. 500.