## EX REL. REINHART *v.* CALLAHAN
### No. 2663
October 23, 1924.                    229 Pac. 702.

1. PLEDGES—COURT HELD TO HAVE JURISDICTION TO ORDER RENDERING OF ACCOUNT.

   Where, after plaintiff had purchased certain pledged securities, defendants, as assignees of pledgee, collected large sums of money on such securities and retained them after payment of the debt secured, *held* that plaintiff's remedy was in equity for an accounting and the surrender of such securities, and court had jurisdiction to order defendants to render an account of money received by them in payment of the securities.

2. ACCOUNT—COURT MAY REQUIRE THAT ACCOUNT BE RENDERED BEFORE TAKING ACCOUNT.

   Where it has been made to appear that an accounting should be ordered, court of equity may refer case to referee in first instance or take the account itself, or, before making an order of reference or taking the account itself, order that verified account be rendered; such order not being in contravention of Rev. Laws, secs. 5229–5231.

See (1) 31 Cyc. p. 860, n. 63; (2) 1 C. J. sec. 131, p. 644, n. 42.

ORIGINAL PROCEEDING in prohibition by the State of Nevada, on the relation of Moses Reinhart, and others against James A. Callahan, District Judge of the Sixth

Judicial District, and another. **Dismissed. Rehearing denied.**

*Warren & Dignan,* for Petitioner:

The complaint states simple action at law to recover personal property alleged to be wrongfully withheld, asks that notes and sums collected thereon be turned over to plaintiff. The answer puts in issue plaintiff's right to possession of notes and denies defendants have collected any money on notes. Court made order at close of case for defendants to file and serve statement of account. Defendants refused, and are cited for contempt. The pleadings do not warrant reference for any purpose. Judgment to account is extrajudicial and is based on nothing.

Judgment must be warranted by pleadings of party in whose favor it is rendered. Frevert v. Henry, 14 Nev. 191. No court or referee had authority to find fact or draw conclusion outside issues. Marshal v. Golden Fleece, 16 Nev. 156. Judicial question may not be referred for determination in unjudicial manner. 16 Cyc. 434. Where accounts are on one side only or claim is single legal demand, there is no jurisdiction in equity. 1 Cyc. 425. Before accounting can be claimed, accounts must be mutual and complicated. 1 Cyc. 422. Code provides when reference may be ordered. Rev. Laws, 5229-31. Equity will not take jurisdiction where there is full, complete, and adequate remedy in ordinary course of law. Conley v. Chedic, 6 Nev. 222.

Proceedings to punish for contempt are quasi-criminal. Petition or affidavit must state facts showing contempt before court has jurisdiction to punish. Cline v. Langan, 31 Nev. 239.

Alleged violation of void order is not contempt. Prohibition will lie to prevent proceedings to punish for such alleged contempt. McKinnon v. Harwood, 35 Nev. 494. Prohibition is proper remedy where inferior court attempts to make excessive or unauthorized application of judicial force in case otherwise cognizable by it. Yarhola v. Duling, 207 Pac. 293; Martin v. O'Reilly, 200 Pac. 687. Where order which has been

disobeyed is void, order punishing for contempt for disobedience thereof is also void. Ex Parte Gardner, 22 Nev. 280.

No trust relationship is alleged. Simple action at law for money judgment and damages cannot be twisted by assumptions and speculations into bill in equity. Where pledgor may obtain adequate redress at law, equity is without jurisdiction. 31 Cyc. 857, note 23.

In suit against bank to recover value of pledged property sold by it where complainants do not attempt to trace proceeds into any particular fund, but seek decree which would bind all bank's property, suit is at law, not in equity. Cecil National Bank v. Thurber, 59 Fed. 913.

*Campbell & Robins,* for Respondents:

There is but one form of civil action in this state. The facts stated determine relief to be granted, regardless of whether petition shows grounds, either at law or in equity. Equity has jurisdiction to compel accounting, although complainant has adequate remedy at law, where fiduciary relation exists. 1 R. C. L., Accounts, sec. 26.

Equity never has fettered itself by defining particular relations to which it will be applied. 10 R. C. L. 349.

Every person who receives money to be paid to another, or to be applied to particular purpose to which he does not apply it, is a trustee, and may be sued either at law for money had and received or in equity as trustee for breach of trust. Glenon v. Harris, 13 Ann. Cas. 1163.

Action may be maintained in equity to redeem pledge, although plaintiff could have resorted to trover or replevin. Colburn v. Riley, 52 Pac. 684; Dunn v. Stokesberry, 26 Pac. 333; 1 Cyc. 420.

Prohibition does not lie to control or to restrain court from acting within its jurisdiction and make its decision without interference, even though its method may not be warranted by facts. If erroneous, matter can be tested only by appeal. Smith v. McKay (U. S.), 40 L. Ed. 731.

## OPINION

By the Court, COLEMAN, J.:

This is an original proceeding in prohibition. G. W. Brainard brought suit in the district court of Humboldt County against the petitioners herein, alleging in his complaint that the Jaca Commercial Company, a corporation, being indebted to the First National Bank of Boise, Idaho, in the sum of $59,000 on or about the — day of October, 1920, made, executed, and delivered to said bank its promissory note for the amount stated and delivered to the bank as collateral security for the payment of said note, sundry notes aggregating the sum of $96,000; that thereafter the defendants (petitioners here) purchased of said bank the note of the Jaca Commercial Company, and took over all of the securities so deposited as collateral; that subsequently to said purchase of the note mentioned the same was fully paid and discharged; that on or about December 10, 1920, certain of the securities so pledged were sold and assigned to the plaintiff, and that the plaintiff is, in virtue of the payment of the note of the Jaca Commercial Company, the sole owner of the said securities; that the defendants have collected upon the securities so sold and assigned to the plaintiff large sums of money; and that plaintiff has demanded of the defendants an accounting and the payment to him of whatever sum may be due and the delivery to him of the securities held by the defendants, but that the defendants have neglected, failed and refused to comply with such demand. Plaintiff prays for an accounting and the surrender of such securities and general equitable relief.

The defendants filed an answer in the respondent court denying that the note of the Jaca Commercial Company was or had been paid, and otherwise pleading such matters as tend to constitute a defense to the suit. The petition for the writ alleges:

"That thereafter and on the 14th day of April, 1924, the said cause came on for trial before the court without

a jury, a jury trial having been denied by order of said court, and, after the introduction of all the evidence for and on behalf of the plaintiff and defendants and the submission of said cause to the court for its decision, the said court then and there made and entered its order as follows, to wit:

" 'It is ordered that within 10 days from this date the defendants render and file with the clerk of this court a full and complete accounting to the plaintiff of all moneys received by the defendants, or any of them, on account of payments to them, or either of them or any of them, in satisfaction or in partial satisfaction of any securities held by them or any of them and received by. them, or either of them, directly or indirectly, from the First National Bank of Boise, Idaho, or its assignees, indorsees, transferees, or successors in interest, as security for the payment of those two certain promissory notes executed by the Jaca Commercial Company to the First National Bank of Boise, Idaho, and which notes so made by the Jaca Commercial Company are referred to in the complaint on file herein; and it is further ordered that the defendants serve upon the attorneys for the plaintiff within 10 days from this date a copy of said account so to be filed with the clerk of this court.

" 'It is further ordered that within 5 days from the filing and service of such account the plaintiff serve and file herein such objections and exceptions to such account as they see fit; and that thereafter a hearing upon said account and said objections and exceptions be had in this court upon 5 days' notice to the opposite party.

" 'It is further ordered that the court reserve judgment upon that portion of the prayer in the complaint that the defendants be required by order of the court to deliver to the plaintiff all of the securities referred to in the complaint, and which securities are now in the possession of the defendants, until the final hearing on the said account. And it is further ordered that the court reserve jurisdiction to determine the question of

costs, and as to which parties should pay costs until the final hearing on said account.

" 'Done in open court this 17th day of April, A. D. 1924.

"                 " 'James Callahan, District Judge.' "

It is alleged that a copy of said order was served upon the petitioners; that thereafter an affidavit was filed reciting the service of a copy of said order, and that the petitioners willfully and contumaciously refused and still refuse to comply therewith; and that thereupon an order was entered by said court directing the defendants to show cause on a given day why they should not be punished for contempt for failure to obey the order above quoted; that said order had been duly served upon the petitioners; and that upon the hearing of said matter the court will order and adjudge that the petitioners be punished as for contempt. It is alleged in the petition herein that the said district court had no jurisdiction to make and enter the order herein quoted, and that it and all subsequent proceedings are null and void and of no force or effect.

1. It is first contended that the proceeding in the district court is an action at law and not a suit in equity in which an accounting may be had. We cannot accede to this contention, nor do we find it necessary to go outside of our own jurisdiction to find authorities to support us in this conclusion. Substantially the identical question was before this court at a very early day in the case of Beatty v. Sylvester, 3 Nev. 228. That was a case in which a party had pledged certain securities to secure a running account. The pledgor alleged the existence of the pledge agreement; that he had offered to pay what was owing by him, and demanded the redelivery of the articles pledged, but that defendant refused to account or redeliver the securities. The complaint prayed for an accounting, and that upon such accounting and upon the payment by him of the amount due to the pledgee the defendant be compelled to surrender the securities. The court held that the suit was

one in chancery, and that an accounting might be had. There is no difference between that case and the instant case, save that in the one now under consideration the complaint alleges that the debt secured by the pledge has been fully paid and discharged.

Jones on Pledges, at section 557, says:

"A bill in equity may be maintained to redeem a pledge, if an account is wanted  *  *  *  notwithstanding the pledgor has a remedy at law in an action of trover."

See, also, Sims v. Canfield etc., 2 Ala. 555; Smith v. 49 & 56 Quartz Mfg. Co., 14 Cal. 242; Haselden v. Hamer, 97 S. C. 178, 81 S. E. 424; Beugger v. Ashley et al., 161 App. Div. 576, 146 N. Y. Supp. 910; Colburn v. Riley, 11 Colo. App. 184, 52 Pac. 684; Castoriano v. Dupe, 145 N. Y. 250, 39 N. E. 1065; Keeble v. Jones et al., 187 Ala. 207, 65 S. E. 384; Cahoon v. Bank, 7 N. Y. 486; Tillar v. Cook, 77 Va. 477.

The next question for determination is whether the court exceeded its jurisdiction in making the order. The allegations of the complaint tended to show that plaintiff was entitled to an accounting. Defendants denied these allegations. The propriety of an accounting therefore became the first question for the court's determination. 1 Ency. Pl. & Pr. p. 102; 1 Stand. Ency. of Prac. p. 305; Weldon v. Brown, 84 App. Div. 482, 82 N. Y. Supp. 1051; Jordan v. Underhill, 71 App. Div. 559, 76 N. Y. Supp. 95; Collyer v. Collyer et al., 38 Pa. 257; Duff v. Duff, 71 Cal. 513, 12 Pac. 570; Fox v. Hall, 164 Cal. 287, 128 Pac. 749; Hudson v. Trenton L. & M. Co., 16 N. J. Eq. 475.

2. We have no statutory provision as to the method of procedure when it has been made to appear that an accounting should be ordered, but it seems that a court of equity has a wide discretion in this matter—it may refer a case to a referee in the first instance, or it may take the account itself, or it may, before making an order of reference or before taking the account itself, order that an account be rendered, duly verified.

In Hollister v. Barkley, 11 N. H. at page 506, it is said:

"According to the present English practice, there are two modes of taking accounts in the master's office; the one in the form of a debtor and creditor account, brought in by the accounting party; the other by examining such party upon interrogatories; and these two modes are sometimes combined in taking an account. 2 Smith's Ch. Pr. 114; Gresley's Eq. Evid. 395. The rule in New York is the same. New York Ch. Rules, 79, rule 107; 4 Paige's R. 112; Story v. Brown. The debtor and creditor account is prepared as an affidavit, and this affidavit is a substitution for an examination, which was the manner of accounting before the new orders. 2 Smith's Ch. Pr. 114; Blake's Ch. Pr. 204, 250. Oral examinations were common in New York. 2 Johns Ch. R. 499, Remsen v. Remsen. But the master is still at liberty to examine on interrogatories. 2 Smith, 122; New York Ch. Rules and Orders, 79. As we have adopted no rule in this respect, either of these modes may be resorted to."

In Bellows v. Stone, 18 N. H. at page 480, the same court used the following language:

"There are two modes of accounting in the master's office, the one by a debtor and creditor account, rendered by the accounting party, and verified by his affidavit; the other by an examination of him upon interrogatories, and both modes may be combined in taking the same account. 11 N. H. Rep. 501, 506, Hollister v. Barkley, and authorities cited."

In Ross v. Stevens, 45 N. J. Eq. 231 at page 233, 13 Atl. 225, it is said:

"The defendant must account. A reference will not, however, be ordered in the first instance. The decree will direct the defendant to deliver to the complainant's solicitor, within twenty days after service of a copy of the decree, an itemized account, showing the gross profits realized and also the deductions which the defendant claims should be made therefrom to show the net profit."

See, also, 2 Smith's Ch. Pr. 114.

Such is the practice in the federal courts pursuant to

rule 63, and in several state courts pursuant to similar rules. Story v. Brown, 4 Paige (N. Y.), 112; Reed v. Jones, 8 Wis. 421; 11 Vt. p. 699; Wiggin v. Gans, 6 N. Y. Super. Ct. 646; Hathaway v. Russell, 7 Abb. N. C. (N. Y.) 138; 2 Daniel Ch. Pl. & Pr. (6th Am. Ed.) 1221.

These rules do not confer jurisdiction upon the courts of equity to proceed as directed, but are adopted pursuant to the general equity jurisdiction for the purpose of effectuating uniformity in the practice in the jurisdictions wherein they are adopted. In other words, the rules result from a power already enjoyed.

It is contended that the order is in direct contravention of sections 5229, 5230, and 5231, Rev. Laws. We think not. The sole purpose of these provisions is to authorize in certain actions at law a practice similar to that prevailing in courts of equity. Certainly there is nothing in them to strip equity courts of any authority already enjoyed. Wiggin v. Gans, 6 N. Y. Super Ct. 646; Brevoort v. Warner, 8 How. Prac. (N. Y.) 321; Hathaway v. Russell, 7 Abb. N. C. 138.

The respondent court having had jurisdiction, it is ordered that this proceeding be dismissed, and that the stay order be vacated.

### On Petition for Rehearing

February 9, 1925.

*Per Curiam:*

Rehearing denied.