McIntire
-v.
Clark.

### McINTIRE vs. CLARK & MORRIS, adm'rs, &c.

Where a party is bound by contract to give such security for the performance of covenants as shall be approved by a third person, the giving security is a *condition precedent* to the bringing of an action; an averment that the party was ready and willing to give the security, but that it was not required of him, is not enough.

In an action of debt, where the declaration contains two counts, one on a *special contract*, in which a certain sum is demanded as damages, and another on a *quantum meruit*, demanding a like sum, and a verdict is rendered for a sum *greater* than is demanded in either count, the verdict will be set aside and a new trial granted.

THIS was an action of *debt*. Articles of agreement were entered into between the plaintiff and the intestate, whereby the plaintiff engaged to render his services, and make the necessary advances of money to obtain possession of certain property belonging to the intestate, in the island of Jamaica, and to give such security for the faithful discharge of his agency as should be approved by A. B.; for his agency he was to receive compensation, to be liquidated in a manner pointed out in the agreement. Property to a considerable amount was recovered. The value of the plaintiff's services was certified at $4817,84, and he brought this action to recover the amount thereof. The declaration demanded $9635,68, and contained two counts; the first setting forth the special agreement, averring that the plaintiff had devoted time, services and money to the business, and recovered a large estate for the intestate, and that he was ready and willing to give the security provided for, *but no such security was required of him;* it set forth the liquidation of his compensation at $4817,-84, and demanded that sum in the first count. The second count was on a *quantum meruit*, demanding a like sum of $4817,84. The plaintiff had a verdict of $7000. The defendants moved for a new trial, which was—GRANTED, on the grounds, 1. That the plaintiff had not proved that he had *offered the security* stipulated in the contract; 2. That the verdict was for a sum greater than was demanded in either count, and that he cannot recover on both, Willes, 65; 5 Co. 22, b.; and 3. That the verdict was not warranted by the evidence.