BLAISE LORILLARD, Respondent, *v.* GEORGE W. M. SILVER, Appellant.

*Words—"In case I realize"—Construction.*

Where the grantee of land agreed to pay the grantor five hundred dollars additional price, provided he realized thirty-five hundred dollars for said land, and he was offered by responsible parties forty-five hundred dollars, which he refused to take for said land: Held, that said grantee was under no legal obligation to sell such land at any price; and that until he did sell for, or above, the price named, he was not liable to pay the five hundred dollars.

This is an appeal by the Defendant from an order of the General Term, reversing the judgment in his favor, entered upon the report of the referee, and granting a new trial.

The Respondent claims the right to recover of the Appellant the sum of $500, and interest, under the following agreement:

"This is to certify that I agree to pay to Blaise Lorillard, in consideration of a certain piece, parcel, or tract of land, purchased of him as per deed, bearing date this twenty-sixth day of March, one thousand eight hundred and fifty-six, over and above the amount specified in a note given by me to him, bearing the same date, five hundred dollars, in case *I realize* thirty-five hundred dollars for said land, or any other sum between three thousand and thirty-five hundred that I may sell said land for, less the interest on said purchase after six months and to the time I may dispose of the same.

"GEO. W. M. SILVER.

"Saugerties, March 26, 1856.

"Witness, Albert Silver."

The referee finds as further facts in the case, that the premises were purchased by the Defendant on speculation, for the purpose of selling again, and not as a permanent investment; that, in the summer of 1856, the sum of $4,500 was offered to the Defendant for the premises, by a responsible man.

His offer was not accepted. Afterward the premises declined in value, and there is no evidence that since that offer the prem-

ises can be sold for the amount actually paid for them, viz., $2,500.

*S. Hand* for Appellant.

*E. Cooke* for Respondent.

HUNT, J.—The disposition of the case will be controlled by the meaning of the expressions in the contract, "in case I realize," and "that I may sell said land for." The referee held that the Defendant was only liable in the event of his actually making a sale of the premises, and receiving payment on such sale.

The General Term, on the contrary, were of the opinion that if the Defendant had an offer for the premises from which he could have made the requisite amount, but which for any reason he did not accept, he thereupon became liable to the Plaintiff for the sum of five hundred dollars. The language employed in the contract appears to be carefully selected with a view of avoiding this latter conclusion.

To " realize " means to bring into actual possession. It is ordinarily read in contrast to hope or anticipation. The Defendant may hope or expect to sell his lot for six thousand dollars, but until he actually sells and receives the money, or its equivalent, he cannot be said to have " realized " either his hopes or his profits. In the present case he had an offer of $4,500, which he did not accept. He may have erred greatly in not accepting this offer. He may have lost the opportunity thereby to secure to himself an advance of a thousand dollars, and to the Plaintiff an advance of five hundred dollars.

It cannot, however, be said that he has " sold the land " and " realized " over three thousand dollars. He still holds the land, and, as all parties admit, has received nothing upon its sale.

If the contract had used language importing an obligation to sell on his part, or to use diligence to effect a sale, or to exercise his judgment when an offer to sell should be made, a different question would in each event have been presented.

The present contract, however, plants the Defendant upon the

naked ground of "selling the land" and "realizing" a specific amount.  This state of things has never yet been reached.

The Plaintiff's counsel claims that the Defendant stood in the position of a trustee for the Plaintiff, to the extent of five hundred dollars, and so far bound to act for his exclusive benefit.  No such intention is fairly to be derived from the terms of the contract.  The Defendant entered into the purchase as a speculation on his own account, and for his own benefit.  The primary object of the purchase was to make money for himself.

The Plaintiff also entered into the speculation to the extent of receiving a portion of the proceeds, when realized, as an addition to the purchase-money.  The exclusive right to dispose of the property was left with the Defendant, and it was a necessary result that he was justified in acting with reference to his own interest in accepting or rejecting an offer for the property.

I think it was in the contemplation of the parties that the Defendant was to act upon this principle, and that if it should result, while so acting, that a certain rate of profit should be made, then the Plaintiff's right should attach to the additional five hundred dollars.

His rights were subordinate to and dependent upon the result of the Defendant's disposition of the property.

I think the order of the General Term should be reversed, and the judgment upon the report of the referee be affirmed.

GROVER, J.—No facts authorizing a reformation of the contract were found by the referee.  The order of reversal does not show that it was based upon questions of facts.  The only question, therefore, to be determined by this Court is, whether the Plaintiff, upon the facts found by the referee, was entitled to recover.  This depends upon the true construction of the contract.  By that adopted by the Supreme Court, the Defendant was bound to sell the land whenever he could obtain such a price as, by the terms of the contract, would require him to pay the Plaintiff five hundred dollars.  This he agreed to do in case he realized thirty-five hundred dollars for the land, over and above in-

terest on the twenty-five hundred to be paid therefor, after six months.

It is manifest that realize was used as synonymous with sell; if there was any doubt in this respect, such doubt is removed by the next clause, by which the Defendant agrees to pay the Plaintiff such sum as he might sell the land for more than three thousand up to thirty-five hundred dollars, deducting interest as above specified. There is no express stipulation on the part of the Defendant to sell at all, but I think this may be implied from the contract in connection with the extrinsic facts. These show that the Plaintiff owned the land, and was desirous to dispose of it. The Defendant was willing to take the title, paying therefor twenty-five hundred for the chance of making five hundred himself, in case he could sell for three thousand, and then give the Plaintiff the right of receiving any additional sum he could obtain upon a sale up to thirty-five hundred dollars, retaining himself all he could get for the land beyond the latter sum. · This shows that the parties designed a sale of the land by the Defendant, and not its retention for the individual use of the latter.

I think it equally clear that the Defendant was to exercise his judgment and discretion in the sale, having due regard to the mutual interests of the parties. The Defendant had a right to sell for three thousand dollars, or less, if by reasonable efforts he could obtain no more. In this event, the Plaintiff would not receive anything upon the contract. The Defendant had an equal right to sell for more than thirty-five hundred dollars, if he could, in which event the Plaintiff would be entitled to five hundred dollars, and the Defendant to the surplus over thirty-five hundred dollars. This shows that the parties contemplated the exercise of the judgment of the Defendant in making a sale. ·.

By the construction of the Supreme Court the Defendant must sell whenever the highest sum to be paid to the Plaintiff, under the contract, could be secured for him, and thus at once cut off from the Defendant all prospect of getting more for his own benefit.

To my mind it is clear that the Defendant had the right to

make an advantageous bargain for himself, as it is that he was required to get more than three thousand dollars, if he could, so as to secure the benefit of the contract to the Plaintiff; that if the Defendant had sold the land for three thousand dollars or less, when by proper efforts more could have been obtained, he would have been liable to the Plaintiff for a breach of the contract; that he is not liable for neglecting to sell, unless it appears that such neglect was unreasonable under the existing circumstances; that in determining whether a reasonable regard must be had to the interests and rights of the Defendant as well as those of the Plaintiff, it is perhaps sufficient in this Court that the referee has not found the fact that the Defendant unreasonably refused or neglected to sell. He has found an offer to the Defendant for the land of forty-five hundred dollars, and that the Defendant asked five thousand. It does not appear that the Defendant had a reasonable prospect of obtaining the latter sum, nor but that his course would have been judicious by an absolute owner, wishing to sell for the best obtainable price.

I am unable to see why the Defendant was any more bound to sell for a price that would secure to the Plaintiff the whole five hundred dollars than he would have been for one that would have secured him one hundred, for the reason that the contract clearly provides that the Defendant should have all he could get for the land over thirty-five hundred dollars, and therefore authorizes reasonable efforts on his part to obtain the largest practicable amount.

My conclusion is that the order for a new trial should be reversed, and the judgment affirmed.

All concur except BOCKES and WRIGHT, JJ.

Reversed.

JOEL TIFFANY,
State Reporter.