PATRICK H. MURRAY, APPELLANT, *v.* URIAH BAKER, RESPONDENT.

*Contract — condition precedent — failure to comply with.*

The plaintiff did certain flagging for the defendant, in front of eight houses erected by defendant, under an agreement by which the plaintiff agreed to wait for payment "until Baker sells some of the houses for cash; and then, when sold, I want my bill of flagging paid." It appeared, upon the trial, that Baker had sold one house for soap, another for jewelry, and still owned the others. *Held*, that, as none of the houses had yet been sold for cash, plaintiff could not recover.

*Lorillard* v. *Silver* (36 N. Y., 578) followed.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*L. Laflin Kellogg,* for the appellant. There is an implied obligation on the part of the defendant, by reason of his acting under the contract, that he will sell the houses at some time. As no definite time is fixed by the contract in which the defendant must sell, the law will imply that a reasonable time is intended. (*Howe* v. *Woodruff,* 21 Wend., 640.) The question, what is a reasonable time, is mainly one of law. (2 Pars. on Cont. [5th ed.], 535; *Stodden* v. *Harvey,* Cro. Jac., 204; *Ellis* v. *Paige,* 1 Pick., 43; *Porter* v. *Blood,* 5 Pick., 54; *Atwood* v. *Clark,* 2 Greenl., 249; *Kingsley* v. *Wallis,* 14 Me., 57.) If a reasonable time has elapsed, and the defendant, being obligated to sell, has not sold, he has failed to perform his contract, made a breach thereof, and the debt is due. (*Thomas* v. *Fleurry,* 26 N. Y., 26; *Seltenrich* v. *Hiemenz,* 46 N. Y., 677; *Lee* v. *Decker,* 6 Abb. [N. S.], 392; *Hanna* v. *Wells,* 21 Wend., 90; *McDonald* v. *Pierson,* 38 Barb., 128; *Tompkins* v. *Lee,* 2 N. Y. S. C., 589.) The condition precedent in this case, admitting one to exist, for the sake of argument, is to sell the houses for cash, in a reasonable time. This case is to be distinguished from a class of cases such as *Scanlon* v. *Eislord* (7 Johns., 36), *Cutledge* v. *West* (2 Denio, 377), *Merritt* v. *Seaman* (2 Seld., 168), *Ferris* v. *Purdy* (10 Johns., 359), and others, where there was no obligation on, or power in, the promisor to perform the condition, as in this case.

*E. Sprout,* for the respondent. The right of action could not arise under the contract, "until the said Baker sell some of the houses for cash." (Chit. on Cont. [11th ed.], 1086; *Thurnell* v. *Balbirnie,* 2 M. & W., 786–790; *Boyden* v. *Marriott,* 2 Scott, 703, 710; *Worsley* v. *Woods,* 6 Term R., 710; Chit. on Cont., 1087, note *s; Milner* v. *Field,* 5 Ex., 829; *Morgan* v. *Birnie,* 9 Bing., 672; *Smith* v. *Briggs,* 3 Denio, 73; Story on Cont. [4th ed.], § 32; *Boston* v. *Herman,* 11 Abb., 378; *Cortledge* v. *West,* 2 Denio, 377; *Franklin* v. *Robinson,* 1 Johns. Ch., 157; 2 Pars. on Cont. [5th ed.], 510, note *y.*)

TALCOTT, J.:

The defendant had built eight houses on Gates avenue and Monroe street in Brooklyn. The plaintiff agreed to do certain flagging of the sidewalk and yards in connection with such houses. The agreement between the parties was in writing, signed by the plaintiff. After stating the rates and prices for the flagging, the agreement concludes as follows: "I further agree to put down at the above prices all the flagging that Mr. Baker wishes, on Gates avenue houses and the four Monroe street houses, and wait for my pay until Baker sells some of the houses for cash, and then, when sold, I want my bill of flagging paid." The defense is, that the defendant had not at the time of the trial sold, and had not been able to sell, any of the houses for cash. The defense was sustained by the referee.

The contingency, on the happening of which the plaintiff was to be paid, seems to be in the nature of a condition precedent, and however ill-judged or foolish it may have been on the part of plaintiff to agree to such a condition, it cannot be abrogated by the court, nor can the contract be changed. The case seems to be in principle precisely analogous to the case of *Lorillard* v. *Silver* (36 N. Y., 578). In that case, the vendee of certain premises had agreed with the vendor to pay the vendor $500 "in case I (the vendee) realize $3,500 for said land, or any other sum that I may sell said land for, between $3,000 and $3,500, less certain interest, etc." There was a finding in that case that the defendant bought the land to sell, and had received an offer of $4,500 by a responsible party. It was held, however, by the Court of Appeals, reversing the Supreme Court, that the plaintiff could not recover, since the defendant had not in fact "realized" or sold the land. The court, in the opinion, holds the following language: "If the contract had used language importing an obligation to sell on his part, or to use diligence to effect a sale, or to exercise his judgment when an offer to sell should be made, a different question would, in such event, have been presented. The present contract, however, plants the defendant on the naked ground of selling the land and realizing a specific amount. This state of things has never been reached." So the contract, in this case, places the defendant on the naked ground of a sale "for cash," and upon the testimony and findings this contingency not only has not happened, but the defendant has

been unable to effect a sale of any of the houses for cash, although it appears two of the houses have been sold for soap, and one for mock jewelry, leaving five of the houses still unsold. The bargain made by the plaintiff may have been improvident. For this he has only his own incautiousness to blame. We do not see how he is to be relieved upon any ground that is definitely disclosed in the case. There are no facts alleged in the complaint to show that the terms of the contract have been in any manner waived, or that the defendant has refused to do any thing which under the agreement he was bound to do. Judgment affirmed.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.