SIMON v. BURGESS et al.

(Supreme Court, Special Term, New York County. February 4, 1911.)

1. TRUSTS (§ 1*)—EXPRESS TRUSTS—NATURE AND REQUISITES.
　　To constitute a trust there must be a trustee and an estate devised to him and a beneficiary.
　　[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 1; Dec. Dig. § 1.*
　　For other definitions, see Words and Phrases, vol. 8, pp. 7116–7124, 7822.]

2. PRINCIPAL AND AGENT (§ 3*)—EXPRESS TRUSTS—NATURE AND REQUISITES.
　　A promise to pay attorneys on account of plaintiff's assignor, if they should procure from him a general release of all claims against the promisor, whatever sum, not exceeding $25,000, the promisor might realize above a certain amount upon the sale of certain property, does not raise a trust; the attorneys being simply agents for the delivery of the release and the money, and not trustees, since they had no title to the property.
　　[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 12; Dec. Dig. § 3.*]

3. CONTRACTS (§ 221*)—ACTIONS—RIGHT OF ACTION.
　　Where, on a promise to pay whatever sum, not exceeding $25,000, the promisor might realize above a certain amount on the sale of certain property, the plaintiff's assignor executed a general release of all claims against the promisor, plaintiff is not entitled to recover a money judgment where the property has not been sold.
　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1015–1032; Dec. Dig. § 221.*]

Action by Henrietta Simon against Cora L. Burgess and others. Complaint ordered dismissed.

Henry F. Mela (Henry L. Scheuerman, of counsel), for plaintiff.
Joline, Larkin & Rathbone (Albert Stickney and D. C. Muhleman, of counsel), for defendants.
John H. Iselin, guardian ad litem.

NEWBURGER, J. The late William H. Burgess on the 15th day of July, 1903, delivered to the law firm of Rose & Putzel the following letter:

"New York, July 15, 1903.
"Messrs. Rose & Putzel—Gentlemen: If you will procure a general release executed to me by Ferdinand H. Mela of any and every claim that he may

allege that he has against me, I will agree to pay to you for his account whatever sum I may realize on the sale of the Coronet, Fifty-Eighth street and Sixth avenue, over and above six hundred and ninety thousand dollars, but only to the extent, however, of twenty-five thousand dollars, so that in no event shall he receive from me more than twenty-five thousand dollars. In speaking of six hundred and ninety thousand dollars I include the present mortgages of all kinds affecting the property. This is intended to bind me and my executors."

"Very truly yours,                                    W. H. Burgess."

Two days later Mr. Mela executed a general release and left it with Mr. Rose. Burgess had bought in the property for $500,000 at a foreclosure a few months previous. Burgess died July 11, 1909, and his will was probated, and the present executors qualified 10 days later. No effort has been made by the executors to sell the property. Some testimony was offered as to the present value of the property. Prior to the commencement of this action, Mela assigned his claim to the plaintiff. Plaintiff made demand upon Rose & Putzel to bring suit, as trustees, for her, and upon their refusal commenced this action, joining them as defendants. The relief prayed for in the complaint is as follows: (1) That the sum of $25,000 be decreed to be payable by the executors out of the proceeds of a sale to be made of the property. (2) That the plaintiff has a lien upon the premises for the sum of $25,-000. (3) That the defendants Rose & Putzel hold their interest in the property in trust for the plaintiff. (4) That the property be sold. (5) That, unless the same be sold, plaintiff have a decree requiring the executors to pay the sum of $25,000.

It is contended on the part of the plaintiff that this action is properly brought in equity, as the letter from Burgess to Rose & Putzel created a trust for the benefit of Mela, plaintiff's assignor. There is no evidence of any indebtedness from Burgess to Mela at the time of the execution of the release. Was there a trust? In order to constitute a trust there must be a trustee, an estate devised to him, and a beneficiary. Greene v. Greene, 125 N. Y. 510, 26 N. E. 739, 21 Am. St. Rep. 743. In other words, not only must there be a beneficiary and a trustee, but there must be a res to which it can attach; otherwise there is nothing which can be made the subject of a trust. Hickok v. Bunting, 67 App. Div. 560, 73 N. Y. Supp. 967, and cases there cited. Rose & Putzel were not trustees, as they had no title in the land; they were simply agents for the delivery of the release and the moneys. In fact, Mr. Rose testified that at the time of the execution and delivery of the letter by Burgess his firm, through Mr. Putzel, had been acting as the attorneys for both parties. I am therefore of the opinion that no trust was created which would warrant a court of equity in enforcing. I am asked, however, in the event of my refusing to hold that the agreement can be enforced as a lien against the realty, to award a money judgment. How is it to be determined? In the letter Burgess agrees to pay $25,000 over and above $690,000 that he may realize on the sale of the Coronet. As was said by Judge Hunt in Lorillard v. Silver, 36 N. Y. 579:

"The disposition of the case will be controlled by the meaning of the expressions in the contract 'in case I realize' and 'that I may sell said land for.' The referee held that the defendant was only liable in the event of his

actually making a sale of the premises and receiving payment on such sale. The General Term, on the contrary, were of the opinion that if the defendant had an offer for the premises from which he could have made the required amount, but which for any reason he did not accept, he thereupon became liable to the plaintiff for the sum of $500. The language employed in the contract appears to be carefully selected with a view of avoiding this latter conclusion. To 'realize' means to bring into actual possession. It is ordinarily used in contrast to hope or anticipation. The defendant may hope or expect to sell his lot for $6,000, but until he actually sells and receives the money or its equivalent he cannot be said to have 'realized' either his hopes or his profits. In the present case he had an offer of $4,500, which he did not accept. He may have erred greatly in not accepting this offer. He may have lost the opportunity thereby to secure to himself an advance of a thousand dollars and to the plaintiff an advance of $500. It cannot, however, be said that he has 'sold the land' and 'realized' over three thousand dollars. He still holds the land, and, as all parties admit, has received nothing upon its sale. If the contract had used language importing an obligation to sell on his part or to use diligence to effect a sale, or to exercise his judgment when an offer to sell should be made, a different question would in each event have been presented. The present contract, however, plants the defendant upon the naked ground of 'selling the land' and 'realizing' a specific amount. This state of things has never been reached. The plaintiff's counsel claim that the defendant stood in the position of a trustee for the plaintiff to the extent of $500, and so far bound to act for his exclusive benefit. No such intention is fairly to be derived from the terms of the contract. The defendant entered into the purchase as a speculation on his own account and for his own benefit. The primary object of the purchase was to make money for himself. The plaintiff also entered into the speculation to the extent of receiving a portion of the proceeds when realized as an addition to the purchase money. The exclusive right to dispose of the property was left with the defendant, and it was a necessary result that he was justified in acting with reference to his own interest in accepting or rejecting an offer for the property. I think it was in the contemplation of the parties that the defendant was to act upon this principle, and that if it should result, while so acting, that a certain rate of profit should be made, then the plaintiff's right should attach to the additional $500. His rights were subordinate to and dependent upon the result of the defendant's disposition of the property."

See Jones v. Kent, 80 N. Y. 590; Lyon v. Hersey, 103 N. Y. 264, 8 N. E. 518; Murray v. Baker, 6 Hun, 264, 266. In the latter case Mr. Justice Talcott says:

"The contingency, on the happening of which the plaintiff was to be paid, seems to be in the nature of a condition precedent, and, however ill judged or foolish it may have been on the part of plaintiff to agree to such a condition, it cannot be abrogated by the court, nor can the contract be changed. The case seems to be in principle precisely analogous to the case of Lorillard v. Silver, 36 N. Y. 578. * * * It was held, however, by the Court of Appeals, reversing the Supreme Court, that the plaintiff could not recover, since the defendant had not in fact 'realized' or sold the land. The court, in the opinion, holds the following language: 'If the contract had used language importing an obligation to sell on his part or to use diligence to effect a sale, or to exercise his judgment when an offer to sell should be made, a different question would in such event have been presented. The present contract, however, plants the defendant on the naked ground of selling the land and realizing a specific amount. This state of things has never been reached. * * * The bargain made by the plaintiff may have been improvident. For this he has only his own incautiousness to blame. We do not see how he is to be relieved upon any ground that is definitely disclosed in the case.' "

In the case of Jones v. Kent, cited by plaintiff, the court stated:

"Lorillard v. Silver, 36 N. Y. 579, turned upon the question whether the defendant was bound to accept an offer for the property there involved. It

was held he was not, and the ground upon which our judgment in the present case rests would lead to the same conclusion had the plaintiff come into court relying on a similar fact."

The plaintiff is not entitled to the relief sought for by this action, and therefore the complaint must be dismissed.

Submit findings and decree.