### SIMON v. BURGESS et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1911.)

1. ACTION (§ 37*)—SUIT IN EQUITY—REMEDY AT LAW.

Where the complaint is framed in equity, and an objection is timely taken that plaintiff has an adequate remedy at law, but he insists on trying the case as in equity, and he fails to prove a case in equity, it is too late for him to urge that he could recover on the theory that he alleged and proved a cause of action at law.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 37.*]

2. TRUSTS (§ 30½*)—EXPRESS TRUSTS—INSTRUMENTS CREATING.

A promise to pay attorneys on account of a third person for procuring from him a release of all claims against the promisor, a sum, not exceeding $25,000, the promisor might realize above a certain amount on a sale of property, does not create a trust in the property in favor of the third person or confer on him any lien thereon, and the third person is not entitled to a sale of the property, and the promisor may retain the ownership thereof, and the third person, on proving the market value of the property sufficient to entitle him to $25,000 or some part thereof, may recover that amount or such part of it in an action at law.

[Ed. Note.—For other cases, see Trusts, Dec. Dig. § 30½.*]

3. TRIAL (§ 387*)—DECISIONS OF TRIAL COURT.

Under Code Civ. Proc. §§ 1010, 1021–1023, requiring the filing of a decision on trial by the court, etc., the trial court has no authority to make two signed decisions in one case with respect to the same issues tried at the same time.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 387.*]

4. TRIAL (§ 387*)—DECISIONS—JUDGMENT.

Where the court signed two decisions, one presented at the request of adult defendants and one of infant defendants, and some of the questions of law were inconsistent, and the court entered judgment dismissing the complaint in a suit in equity as to all the defendants, in awarding them costs against defendant there was no decision, but the case stands simply as dismissed for want of equity.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 387.*]

Appeal from Special Term, New York County.

Action by Henrietta Simon against Cora L. Burgess and another, executors and trustees of William H. Burgess, deceased, and others.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From a judgment of the Special Term (71 Misc. Rep. 300, 127 N. Y. Supp. 147) dismissing the complaint, entered pursuant to a decision on the trial of the issues, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry L. Scheuerman, for appellant.

John H. Iselin, guardian ad litem, for respondents Lucy H. B. Gurnee, Walter S. Gurnee, 3d, and Cordelia Gurnee.

Albert Stickney (Donald C. Muhleman, on the brief), for respondents executors and others.

LAUGHLIN, J. This is a suit in equity to have it adjudged that the plaintiff has a lien upon certain real property in the borough of Manhattan, New York, described in a letter written by William H. Burgess to Messrs. Rose & Putzel, a firm of attorneys and counselors at law, on the 15th day of July, 1903, for the sum of $25,000, and that, in default of payment of said sum to them with interest, the premises be sold, and that the proceeds over and above the sum of $690,000 be applied so far as necessary in satisfaction of her lien, and, in the event that a sale cannot be had, that the executors of Burgess be adjudged and decreed to pay the plaintiff the said sum of $25,000 with interest; and a conveyance of the premises by Burgess to his wife alleged to have been made without consideration is sought to be set aside. The only basis for the plaintiff's claim is an assignment of the rights of Ferdinand H. Mela under and by virtue of said letter, which is as follows:

"New York, July 15th, 1903.

"Rose & Putzel, Gentlemen: "If you will procure a general release executed by Ferdinand H. Mela of any and every claim that he may allege he has against me, I will agree to pay to you for his account, whatever sum I may realize on the sale of the Coronet, 58th street and 6th avenue, over and above $690,000, but only to the extent, however, of $25,000, so that in no event shall he receive from me more than $25,000. In speaking of $690,000, I include the present mortgages of all kinds affecting the property. This is intended to bind me and my executors.

"Very truly yours,                    William H. Burgess."

It appears that Messrs. Rose & Putzel, pursuant to the suggestion contained in said letter, did obtain from Mela a general release to Burgess which they retained in their possession; but it does not appear that the same was ever actually delivered to him by them, or that he knew that it had been obtained. The theory upon which the action was brought is that Messrs. Rose & Putzel were the attorneys and agents for Burgess in procuring the release, and that the execution and delivery of the release to them by Mela constituted a delivery to Burgess, and that Mela thereupon acquired an interest in and lien upon the real estate, and that it became the duty of Burgess to sell the same within a reasonable time and to pay Mela such part, if any, of the proceeds of the sale as under the terms of the contract would be due to him. Without expressing an opinion as to whether plaintiff has any cause of action upon which she may have another remedy,

we are of opinion that her assignor acquired no lien upon or interest in the real estate, and that therefore this action cannot be maintained.

The complaint is framed in equity, and the plaintiff insisted upon trying the case as one in equity, for the adult defendants pleaded that the plaintiff had an adequate remedy at law and was not entitled to equitable relief, and at the commencement of the trial counsel for the defendants moved for a dismissal of the complaint upon the ground, among others, "that the plaintiff's remedy, if any, is at law, and not in equity, that he does not show any right to equitable relief"; and counsel for the plaintiff acquiesced in the denial of the motion without making any claim that she would be entitled to recover herein, on the theory that her cause of action is at law, or requesting that the cause be transferred to the jury calendar; and at the close of the plaintiff's case counsel for the defendants renewed the motion to dismiss on the same ground and rested his case without putting in any evidence. The court took the motion under advisement and later on filed an opinion, placing the dismissal of the complaint solely on the ground that the plaintiff was not entitled to equitable relief.

[1] In these circumstances we are of opinion that it is too late now for the appellant to contend that she was entitled to recover upon the theory that she alleged and proved a cause of action at law. If that rule were to prevail, then the plaintiff would be entitled to two trials. She would first have a trial at Special Term, on insisting that her suit was in equity, and in the event that the court should, after taking all of the evidence, decide against her on that proposition, she could insist upon having the cause sent to the jury trial term. This we do not understand to be the law, where the complaint is framed in equity, and an objection has been duly and timely taken that the plaintiff has an adequate remedy at law, and he insists upon trying his cause as one in equity. Porter v. International Bridge Co., 79 App. Div. 358, 79 N. Y. Supp. 434, affirmed 175 N. Y. 467, 67 N. E. 1089; Loeb v. Supreme Lodge, Royal Arcanum, 198 N. Y. 180, 91 N. E. 547. In Thomas v. Schumacher, 17 App. Div. 441, 45 N. Y. Supp. 166, affirmed on opinion of Mr. Justice Ingraham 163 N. Y. 554, 57 N. E. 1126, the objection to a trial at the Special Term on the ground of want of equity and adequacy of a remedy at law does not appear to have been taken.

[2] We agree with the learned trial justice that the letter from Burgess to Rose & Putzel did not create a trust in the real estate in favor of the plaintiff's assignor, or confer upon him any interest or lien upon the same. If, as claimed, it was the duty of Burgess to sell the premises within a reasonable time, and had he done so he would have realized sufficient therefor to pay the plaintiff $25,000, or some part thereof, under the agreement contained in the letter, then at the expiration of such reasonable time the plaintiff could have maintained an action at law to recover the $25,000, or such part thereof as she could show the premises would have brought over and above the $690,000 at such a sale. She alleges that they would at any time after the release was procured have sold for considerably more than sufficient to have entitled her to the maximum amount. The case is dis-

tinguishable from Jones v. Kent, Adm'r, etc., 80 N. Y. 585, upon the ground that there the agreement to pay was "one-half of whatever price" the property brought on a sale thereof, over and above the sum specified, and under that agreement a sale was essential to a determination of the amount, if any, to which the plaintiff was entitled, for the agreement was to pay one-half the amount realized on a sale, over and above a specified sum. In that case, the court held that the plaintiff was entitled to have the property sold for the reason that a sale was necessary in order to determine the amount to which the plaintiff was entitled. Moreover, in that case the plaintiff had sold the stock to the defendant, and part of the purchase price had been paid, but one-half the amount realized on the sale of the stock, over and above a specified sum, constituted a remaining part of the consideration of the sale to the defendant and one of the terms upon which he sold the stock. Here the plaintiff's assignor in no event was entitled to more than $25,000, and therefore he was not entitled to have the property sold. Burgess was at liberty to retain the ownership of the property and could neither have been compelled to sell it at a profit nor at a loss. If the plaintiff acquired any right by virtue of the letter, she could, on proof of the facts alleged, namely, that the market value of the property at which it might have been sold was more than sufficient to entitle her to the entire sum of $25,000, or sufficient to entitle her to some part of it, recover that amount or such part of it in an action at law.

It is claimed, however, that it was necessary for plaintiff to come into equity because the agreement was made, not with her assignor, but with the attorneys. There is no force in this contention. The letter did not constitute the attorneys trustees for the plaintiff's assignor. It was merely intended to be evidence of the authority of the attorneys to negotiate for the release. By acting under it, they in effect as agents of Burgess made the agreement with the plaintiff's assignor, to whose benefit it inured. The legal effect is precisely the same as if Burgess had verbally authorized them to make the promise to plaintiff's assignor.

[3] The record contains two signed decisions. One purports to have been made at the request of the adult defendants, and the other at the request of the infant defendants. There is no more authority for two decisions than for two judgments in an action. The Code of Civil Procedure merely provides for one. Code of Civil Procedure §§ 1010, 1021, 1022, 1023. The Court of Appeals has sustained the practice of not incorporating all of the findings in the decision (Bremer v. Manhattan Ry. Co., 191 N. Y. 333, 84 N. E. 59; Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937, 127 Am. St. Rep. 862; Whalen v. Stuart, 194 N. Y. 495, 87 N. E. 819); but those rulings are not authority for two or more decisions in the same action with respect to the same issues tried at the same time.

In order to obviate any question with respect to the effect in any other action of certain findings and conclusions not necessarily involved, the judgment should be amended by inserting before the date of entry the words, "The dismissal of the complaint is without preju-

dice to an action at law for relief with respect to the same subject-matter"; and, as so modified, the judgment should be affirmed, without costs.

SCOTT and MILLER, JJ., concur.

INGRAHAM, P. J. I concur in the affirmance of this judgment upon the ground that the plaintiff failed to establish any cause of action in equity, without expressing any opinion as to whether, upon the facts as alleged, there was any liability against the defendants as executors of the last will and testament of William H. Burgess, deceased. The cause of action alleged was in equity; the judgment demanded was that certain premises described in the complaint be adjudged sold and that out of the money realized from the sale of such premises the sum of $25,000 be paid to the plaintiff; that it be adjudged that the plaintiff has a lien upon said premises for said sum of $25,000; that it be adjudged that the defendants hold their respective interests in said premises in trust for the plaintiff. All of those interested in the estate of William H. Burgess were made parties, and the right to recover was based solely upon the theory of the existence of a trust relation as between the plaintiff and William H. Burgess, and that under the facts the plaintiff had a lien upon the real property described in the complaint. As a defense to this action in equity, the answer alleged that the only remedy that the plaintiff had, if any, was one at law against the executors of Burgess' estate.

At the commencement of the trial, the defendants' counsel moved to dismiss the complaint upon the ground that the plaintiff's remedy, if any, is at law and not in equity, and that she does not show any right to equitable relief. That motion was denied. The plaintiff, in face of this express claim by the defendants that the only cause of action was one against the representatives of Burgess' estate, proceeded with the trial. At the close of the plaintiff's case, the defendants again moved to dismiss the complaint upon the same ground, the decision of which motion was reserved, whereupon the defendants offered no evidence and rested, again renewing the motion upon the same ground. The defendants having expressly on the trial presented the objection that the plaintiff's remedy was at law against the executors as a reason why this action could not be maintained, and the plaintiff, notwithstanding that objection, insisting upon proceeding with the equitable action, I think the court was justified in dismissing the complaint, leaving the plaintiff to her remedy at law by a new action against the proper parties. I think it clear, for the reasons stated by Mr. Justice LAUGHLIN, that there is no cause of action in equity, and that all of the defendants were entitled to a dismissal of the complaint. It is quite clear that there was no action either alleged or proved against any of the defendants except the executors of Burgess, and they were entitled to have the complaint dismissed, and the plaintiff having elected to proceed against all the defendants to enforce her equitable cause of action, insisting upon a judgment granting equitable relief, the fact that there might have been a claim at

law against but one of the defendants would not justify the court in refusing to award judgment for all of the defendants.

In Thomas v. Schumacher, 17 App. Div. 441, 45 N. Y. Supp. 166, affirmed on opinion below 163 N. Y. 554, 57 N. E. 1126, the allegations of the complaint and the proof at the trial disclosed a legal cause of action against all the defendants; and we hold that where the defendant made no demand for a trial by jury, or did not specifically raise the point, the action should be tried as an action at law, and that it was error to dismiss the complaint, the court having complete jurisdiction to award such judgment as the facts required. Here the whole cause of action upon which the plaintiff relied and upon which she insisted that she had a right to recover was in equity, and, the facts having failed to establish an action in equity, the court was justified in dismissing the complaint.

[4] The court signed two decisions, one presented at the request of the adult defendants and one presented by the infant defendants. Some of the conclusions of law are inconsistent. Upon these two decisions judgment was entered simply dismissing the complaint as to all of the defendants and awarding the defendants costs against the plaintiff. There was no decision upon the merits, and the case stands simply as dismissed for want of equity.

I concur, therefore, in the modification and affirmance as suggested by Mr. Justice LAUGHLIN, notwithstanding the fact that strictly speaking there is no decision of the court which would justify any judgment except a simple dismissal of the complaint.

CLARKE, SCOTT, and MILLER, JJ., concur.

