BLANCHE TRUBENBACK, Respondent, v. OTTO NELSON, Appellant.

(County Court, Nassau County, September, 1911.)

Contracts —Actions on contract: Actions on express contract — Recovery of reasonable worth: Questions for jury — Interpretation of contracts; Question of performance.

Justices of the peace — Appeal and error — Trial de novo — In general.

Where a builder agrees to pay a sum of money to another upon the latter's giving him the name of a certain person contemplating the erection of a building, providing the builder secures a contract

for the erection thereof for $2,800, in pursuance of an offer to the owner to erect the building, which is part of the arrangement between the parties, for the price mentioned, on condition work should be started by a certain date; and where, after that date has passed, the builder closes the contract with the owner for one hundred dollars less than the price named, in an action against the builder to recover said sum of two hundred dollars it is error for the court to charge the jury that the time limit contained in the offer had no bearing on the plaintiff's claim, but the question should be left to the jury.

The action being upon an express contract for the payment of two hundred dollars, a verdict of fifty dollars cannot be sustained.

And where, although the building contract was for $2,700, the plaintiff testified the defendant told him he received $2,800 for the work, the question whether the condition that the builder should secure a contract for $2,800 had been performed should be left to the jury.

As no new trial was demanded in the notice of appeal and the case is therefore reviewable on the questions of law only, a new trial in the court below cannot be ordered, but a reversal of the judgment must be absolute.

APPEAL by the defendant from a judgment rendered in the justice's court in the town of Hempstead, county of Nassau, upon the verdict of a jury.

Edwards & Levy, for plaintiff.

Albin N. Johnson, for defendant.

NIEMANN, J.    The defendant made an agreement in writing with the plaintiff, on the 16th day of September, 1910, to pay her the sum of $200 in thirty days from said date in consideration of plaintiff's furnishing defendant the name of a certain person who desired a builder to erect a building at Far Rockaway, N. Y., providing the defendant procured the contract for the erection of said building for $2,800.  Plaintiff supplied and provided the defendant with the name of a person at Far Rockaway who desired a builder to erect a building for him; and the defendant, acting upon the advice and information furnished by the plaintiff, secured a building contract for the erection of a building.  The cause was tried by the justice with a jury,

County Court, Nassau County, September, 1911. [Vol. 73.

and a verdict of $50 was rendered for the plaintiff, upon which judgment was rendered by said justice, on the 12th day of April, 1911, in favor of the plaintiff, for $60.50, damages and costs. The defendant, on the 24th day of April, 1911, duly filed and served a notice of appeal from said judgment and in said notice did not demand a new trial. Upon the submission of the appeal, the plaintiff joined the defendant in his request for a reversal of the judgment, but urged that such reversal should be upon the ground that the verdict was contrary to and against the weight of evidence and that a new trial be ordered, with costs to abide the event of such new trial.

The proposition made by the defendant to Morris Castin, the person who desired the erection of a building, was in writing, dated September 16, 1910, signed by said defendant, and constituted, in substance, an offer to erect the building for the sum of $2,800, but was upon the condition therein stated that the building should be started on or before September 24, 1910. There was testimony given by the defendant and said Morris Castin that the said building contract was not entered into until October 11, 1910, and that the sum agreed to be paid by said Castin to the defendant was only $2,700. In support of this testimony, the said building contract, bearing said date and fixing said sum, was introduced in evidence; but the plaintiff testified that the defendant told her that Castin had given him the job for $2,800, and that, subsequently to the making of the contract, said defendant promised and agreed to pay her $100 on account of her claim.

Two errors of law are urged as grounds for reversal of the judgment: (1) The plaintiff's counsel requested the court to charge as a matter of law that the time limit mentioned in the said offer of the defendant to Castin had no bearing on the plaintiff's claim. The court so charged, and defendant took an exception upon the ground that the contents of said offer, which was an exhibit in the case, must be considered by the jury as a matter of fact. (2) That the action being on a special contract, for an agreed price of $200, the verdict

should either have been for that amount or for the defendant.

1. It appeared from the evidence that the said offer from the defendant to Castin was the basis of the agreement between plaintiff and defendant and constituted a part of the transaction between them. While the instrument upon which the suit is brought is entirely separate and apart from said offer and complete in itself, yet it is well settled that, where several instruments are made a part of one transaction and relate to the same subject-matter, they may be considered and construed together. Knowles v. Toone, 96 N. Y. 533; Benton v. Martin, 52 id. 570; Meriden Britannica Co. v. Zingsen, 48 id. 247; Rogers v. Smith, 47 id. 324; Mallory v. Tioga Railroad Co., 5 Abb. Pr. 420; French v. Wallack, 12 N. Y. St. Repr. 159, 162. This may be so even if the several instruments are not between the same parties. Rogers v. Kneeland, 10 Wend. 219; Turver v. Field, 13 N. Y. St. Repr. 12. Under this general rule the said written offer from defendant to Castin should have been allowed to be considered by the jury in its entirety, that is, including that limit clause (Gail v. Gail, 142 N. Y. St. Repr. 647, 649), upon the question whether it was understood and agreed between plaintiff and defendant that her right to the $200 depended not only upon his receiving a contract to build the house for $2,800, but also that he was to receive the contract by September 24, 1910. White v. Hoyt, 73 N. Y. 505. The court committed reversible error in taking the time clause of this offer away from the consideration of the jury.

2. The plaintiff in this action alleged an express promise to pay $200 for the services in question. The defendant's answer was a general denial. There is no allegation as to the value of the services; and the complaint is not upon a *quantum meruit,* but strictly for the specific sum agreed to be paid. This complaint was prepared in form and structure on the special agreement by the defendant to pay the plaintiff $200 provided he got the job at the price fixed. There was no allegation or count on a *quantum meruit.* There was no evidence or proof as to the value of the plaintiff's services given upon the trial by either side. The case was

tried and submitted to the jury upon the theory and as-sumption that the plaintiff should either recover the full amount of her claim or nothing. Upon such a contract as is here in question, there can be no recovery on a *quantum mer-uit.* The value of the contract was fixed by its own terms. It contained a promise to pay a definite sum, to-wit, $200, and this sum was the measure of the plaintiff's damages in case of a breach thereof. Keystone Pub. Co. v. Roman, 150 N. Y. St. Repr. 654, 655. It follows that the verdict as-sessing the plaintiff's damages at $50 cannot be sustained and for this reason should be set aide. For the errors of law pointed out the judgment must be reversed.

It may be well to consider the legal effect of the stipulation contained in the contract between plaintiff and defendant. The payment of $200 is made conditional upon defendant's getting the job at the price stated in defendant's written offer to Castin, to-wit, $2,800. This constituted a condition pre-cedent, and the burden was on the plaintiff to show such con-dition had been performed, as without such performance there can be no recovery. Lorillard v. Silver, 36 N. Y. 578; Murray v. Baker, 6 Hun, 264, 266; McIntire v. Clarke, 7 Wend. 330; Keystone Pub. Co. v. Roman, *supra;* Gail v. Gail, *supra;* Simon v. Burgess, 127 N. Y. Supp. 147, 149; Huchberger v. Barsody, 88 id. 978, 979. If the defendant did not get the contract to build the house at $2,800, the plaintiff's case would fall; and so, if the condition contained in the said offer of the defendant to Castin, that the building should be started on or before September 24, 1910, was, as a matter of fact, made a part of the agreement between the plaintiff and the defendant, under the rule above referred to, it would in such case be equally necessary for the plaintiff to show that the contract to build was given to defendant within said time limit. The price was a condition precedent, and so would the time limit be, if it were found that the said offer from defendant to Castin was a part of the agreement between plaintiff and defendant. While the defendant testi-fied that the contract was only for $2,700, and he was sup-ported in this way by the testimony of Castin and the written

contract itself, yet there was the testimony of the plaintiff that the defendant had stated or admitted to her that he received $2,800; and, therefore, the question whether the condition precedent as to price had been performed was for the jury.

Inasmuch as no new trial was demanded in the notice of appeal, the case is reviewable on questions of law only (Cromwell v. Hall, 88 Hun, 67; Bartlett v. Mugett, 75 id. 292; Platz v. Burton & Cory C. & V. Co., 7 Misc. Rep. 473); and this reversal is upon questions of law only. A new trial can only be ordered when the judgment is reversed as against the weight of evidence. Liedtke v. Meyer, 137 App. Div. 74, 76; Robischon v. Moore, 135 id. 699; Markel v. Gummer, 84 id. 634; Tichnor Bros., Inc. v. Barley, decided 1911, County Court, Nassau county. See opinion filed June 24, 1911, Nassau county clerk's office. In view of the fact that this reversal is upon questions of law only, the reversal must be absolute, and the court has no power to order a new trial in the justice's court (Markel v. Gummer, *supra;* Gasson v. Atkins, 59 Misc. Rep. 145); such disposition can be made only where the judgment is contrary to or against the weight of evidence. This has not been changed by the amendment to section 3063 of the Code of Civil Procedure. Said amendment gives to the County Court the additional power to *modify* the judgment of the justice, but the limitation remains that, only where the judgment is contrary to or against the weight of evidence, a new trial may be ordered by the appellate court. Under subdivision 4 of section 3066 of the Code of Civil Procedure, this court has no discretion over the costs; they are regulated by statute and follow as a matter of course upon a reversal.

Judgment reversed.