ZERELDA W. BEATY, Appellant, v. WALTER R. BACON and
THE FARMERS' LOAN AND TRUST COMPANY, as Executors,
etc., of EDWARD R. BACON, Deceased, Respondents.

First Department, May 2, 1919.

Contract — agreement to pay share of profits from sale of stock —
complaint in action for breach of said contract stating action at
law and not in equity — contract construed — implied obligation
to sell stock within reasonable time — discretion under said
agreement did not pass to executors.

In an action to recover damages for the breach of a contract in writing
whereby in consideration of plaintiff's assignor having secured for defend-
ants' testator a share of stock for $50,000, said testator agreed to pay
plaintiff's assignor one-third of the net profits thereof when and as the
same might be received by him, it was set forth in the complaint that more
than a reasonable time since the date of the agreement had elapsed within
which said stock could and should have been sold for the sum of $180,000,
but that said testator and the defendants refused to sell the same, although
they were requested so to do, and that if said stock had been sold within
a reasonable time net profits would have been realized to the extent of
upwards of $123,000. The testator died nearly fifteen years after the
execution of said agreement without having sold or disposed of the stock,
but continuing to hold the same which came into the possession and
control of the defendants, his executors.

Held, that the complaint sets forth an action at law for breach of contract.

Under the agreement there was an implied obligation that the testator would
sell the stock in question within such a reasonable time as the circum-
stances would permit.

The discretion which said testator had under the agreement as to whether
or not the price which could be obtained for the share of stock was a
fair and reasonable one, did not pass to his executors, and when he died
without having acted, the plaintiff's cause of action at law to recover upon
the facts set forth in the complaint became complete.

LAUGHLIN, J., dissented, with opinion.

APPEAL by the plaintiff, Zerelda W. Beaty, from an order
of the Supreme Court, made at the New York Trial Term
and entered in the office of the clerk of the county of New
York on the 8th day of March, 1919, striking this case from
the Trial Term calendar and directing its trial at Special
Term.

First Department, May, 1919.                [Vol. 187.

*Charles W. Pierson* of counsel [*Archibald A. Gulick* with him on the brief; *Alexander & Green,* attorneys], for the appellant.

*George S. Mittendorf* of counsel [*Edward H. Blanc* and *Charles Angulo* with him on the brief; *Geller, Rolston & Horan,* attorneys], for the respondents.

DOWLING, J.:

This action is brought to recover damages for the breach of a contract in writing whereby in consideration of T. Sandford Beaty having secured for Edward R. Bacon one share in the Cuba Company of New Jersey for the price of $50,000, covering the amount which had already been paid thereon and was still to be paid, Bacon agreed to pay Beaty one-third of the net profits thereof when and as the same might be received by him. It was provided that the net profits were to be ascertained by charging the full cost of said share, including all the calls paid thereon, with interest at the rate of five per centum per annum, it being understood and agreed that said share was the absolute property of Bacon with the right to him to sell or dispose of the same at any time without consulting Beaty or receiving his consent, the sole interest Beaty had being stated to be in whatever profits might be realized on the basis stated in case of the sale by Bacon, or otherwise realized by him thereon. This agreement was made February 19, 1901, and Bacon died December 2, 1915, not having during his lifetime sold or disposed of his stock but continuing to hold the same until the time of his death, whereupon it came into the possession and control of the defendants, his executors, who ever since have held and now hold the same. The plaintiff is the assignee of Beaty's interest in the agreement.

It is set forth in the complaint that although the defendants have had a reasonable opportunity to sell the stock for at least the sum of $180,000 they have refused to make such sale; that prior to the commencement of the action the dividends received on said stock by Bacon and his executors amounted to $33,500; that if said stock had been sold within a reasonable time net profits would have been realized to the

extent of upwards of $123,000. It is further alleged that more than a reasonable time since the date of the agreement has elapsed within which said stock could and should have been sold for the sum of $180,000, but that Bacon and the defendants refused to sell the same although they were requested so to do, and defendants have not sold the stock nor attempted to sell the same nor realized the net profits from the transaction; that plaintiff has duly demanded from both Bacon and the defendants that the net profits from the transaction be realized and the amount due plaintiff thereon be paid.

When this case came on for trial at Trial Term the defendants moved on the pleadings to transfer the case to the equity side of the court, and that application has been granted upon the ground that the only remedy to which the plaintiff was entitled, if any, was in equity and not at law.

A careful inspection of the complaint leads to the conclusion that the cause of action set forth therein is one for a breach of contract and that it states an action cognizable at law and not in equity. Upon the facts therein set forth this case comes within the rule laid down in *Simon* v. *Burgess* (146 App. Div. 37) and *Simon* v. *Etgen* (213 N. Y. 589). As the Court of Appeals said in the latter case, construing an agreement very similar to the one now under consideration, there is an implied obligation that the defendant would sell the stock in question within such a reasonable time as the circumstances would permit. Any other construction of the contract would permit Bacon and his executors to alone enjoy the fruits of Beaty's efforts, which resulted in securing this share of stock for Bacon, and thus Bacon and his executors would reap the entire advantage of the transaction without any of the compensation being paid to Beaty which Bacon had agreed should be his. The complaint alleges that a reasonable time has elapsed since the making of the agreement within which the stock could, and should, have been sold for $180,000. The dividends received upon this stock by Bacon and his executors are alleged to have amounted to $33,500. The total purchase price of the stock, including the amount originally paid by Bacon and the calls to which he was liable, did not

First Department, May, 1919.          [Vol. 187.

exceed $50,000. It is apparent, therefore, that if the obligation to sell within a reasonable time existed as to Bacon and such reasonable time expired before Bacon's death, during which interval a sale could have been made as alleged in the complaint at a price which would have realized a net profit of $123,000, the plaintiff's right to recover is one for the breach of a contract between the parties and it does not depend upon any equitable cause of action. Furthermore under the doctrine of *Jones* v. *Kent* (80 N. Y. 585) the discretion which Bacon had under the agreement as to whether or not the price which could be obtained for the share of stock was a fair and reasonable one, did not pass to his executors; and when Bacon died without having acted, the plaintiff's cause of action at law to recover upon the facts set forth in this complaint became complete. ·

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the case transferred to the Trial Term calendar of the court for trial.

CLARKE, P. J., PAGE and MERRELL, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

I am of opinion that the plaintiff's cause of action is in equity. It is based on an agreement evidenced by a letter written by the defendant's testator to the plaintiff on the 19th day of February, 1901, the body of which is as follows:

" In consideration of your having secured for me from O. M. Young one share in the Cuba Company of New Jersey, of which William C. Van Horne is President, for the price of Fifty thousand Dollars ($50,000), covering amount which has already been paid thereon, and is to be paid, I hereby agree to pay you one-third (1/3) of the net profits thereof, when and as the same may be received by me.

" Such net profits are to be ascertained by charging the full cost of said share, including all calls paid thereon, with interest at the rate of five per cent per annum; it being understood and agreed that this share is my absolute property, with the right to me to sell or dispose of the same at any time without consulting with you or receiving consent on

your part; the sole interest you have being in whatever profits that may be realized on the basis above stated, in case of sale by me or otherwise realized by me thereon.

" I understand that there has thus far been a call made upon such share of Ten thousand Dollars, the amount of which I have this day paid.

" Kindly confirm this understanding, and oblige,

" Very truly yours,

" E. R. BACON."

Under this contract I think the plaintiff's remedy is an accounting involving a sale of the property and a determination of the net profits, to one-third of which he is entitled. (*Jones* v. *Kent*, 80 N. Y. 585; *Weldon* v. *Brown*, 84 App. Div. 482; 89 id. 586.) The case is distinguishable from *Simon* v. *Etgen* (213 N. Y. 589) on the ground that there the amount to which the plaintiff was entitled was expressly limited, in any event, to $25,000, and defendant could have retained title without selling on paying that amount and on that theory no sale or accounting was necessary, and as defendant had parted with the title none could be decreed, and it was held that an action at law could be maintained to recover that specific amount on allegations and proof that a reasonable time had elapsed within which the defendant might have sold the property and that he had received offers, which he unreasonably rejected, sufficiently large to entitle the plaintiff to the maximum amount, and was distinguished from *Jones* v. *Kent* (*supra*) on that precise ground by this court (*Simon* v. *Burgess*, 146 App. Div. 37), and was distinguished by the Court of Appeals from *Lorillard* v. *Silver* (36 N. Y. 578) on the ground that the evidence of defendant's bad faith and failure to sell within a reasonable time warranted a finding that defendant had breached the contract. Any discretion the testator had with respect to the time within which a sale should be made ended upon his death.

I am, therefore, of the opinion that the order is right and should be affirmed, with costs.

Order reversed, with ten dollars costs and disbursements, and motion denied and the case transferred to the Trial Term for trial.