8803

HASELDEN v. HAMER.

(81 S. E. 424.)

MORTGAGE. DEPOSIT OF TITLE DEEDS. PLEDGE OF STOCK. ACTION FOR ACCOUNTING.

1. Where a purchaser of land paid the consideration, was put in possession, and made improvements, he was the owner, and the holding of the title deeds by the vendor as security for a debt did not create a mortgage.

2. In a pledgor's action to redeem and for an accounting, the account rather than the pleadings was the basis of the judgment, since in actions for account, where defendant has all the property and accounts, plaintiff sues because he does not, and is not supposed to, know the amount due.

3. An agreement, providing for a forfeiture of pledged stock upon nonpayment of the secured debt, was void.

4. A pledgee of stock pledged to secure a debt was entitled to possession of the stock until payment of the debt or foreclosure of his lien according to law.

5. A pledgor of stock to secure a debt was the equitable owner thereof, and entitled to all credits from dividends thereon.

Before GAGE, J., Dillon, May, 1913. Modified.

---

FOOTNOTE—On the question of the duty of the pledgee of corporate stock to sell at maturity of debt, see note in 3 L. R. A. (N. S.) 1199.

Action by J. D. Haselden against W. N. Hamer. From a judgment in favor of the plaintiff, defendant appeals.

*Mr. James W. Johnson,* for appellant.

*Mr. W. F. Stevenson,* also for appellant, cites: *Changing ground for relief:* 24 S. C. 165, 172. *Rights of pledgor:* 22 A. & E. Enc. of L. (2d ed.) 876-879; 16 Am. St. Rep. 679; 2 Mills Const. L. 241; 1 S. C. 445. *Rights of pledgee:* 22 A. & E. Enc. of L. (2d ed.) 885, 894; 145 U. S. 205; 16 Am. St. Rep. 667, 670; 3 L. R. A. (N. S.) 1199; 7 Metc. 407; 87 Ala. 645. *Character of action:* 43 S. C. 192. *Amendment changing character of action:* 81 S. C. 574. *Effect of admissions in pleadings:* 16 S. C. 585. *Allegata and probata:* Pomeroy Rem. & Rem. Rights, sec. 84. *Power coupled with interest:* 11 S. C. 520; 22 Ency. 906, 907. *Trover and conversion:* 72 S. C. 462, 463.

*Messrs Haynsworth & Haynsworth,* also for appellant, cite: *Readiness to perform contract:* Thomp. on Corp., sec. 2646; 4 Johns. Ch. 490; 8 Am. Dec. 606; 33 Cal. 394; 10 Am. Rep. 290; 13 N. Y. 626; 207 U. S. 278; 229 U. S. 23; 19 N. Y. 170. *Rights of pledgee:* 11 S. C. 486; 70 S. C. 432; 25 S. E. 504; 48 S. E. 191; 88 N. W. 552; 39 Atl. 437; 114 N. Y. S. 1000; 86 N. E. 777; 93 N. E. 1123. *Conversion:* 102 Am. St. Rep. 30; 54 Atl. 46.

*Messrs Willcox & Willcox* and *Henry E. Davis,* for respondent, cite: *Prayer for relief no part of cause of action:* 34 S. C. 273; 13 S. C. 439; 23 S. C. 282; 34 S. C. 289; 16 S. C. 374; 70 S. C. 107. *Conversion:* 45 S. C. 388; 2 Strob. Eq. 370. *Tender unnecessary:* 89 S. C. 426. *Amendment to conform to evidence:* 86 S. C. 98; 68 S. C. 250; 53 S. C. 315; 51 S. C. 412. *Relief appropriate:* 16 S. C. 374; 48 S. C. 175; 69 S. C. 256. *Pledge:* 31 Cyc. 787, 789. *Contract against public policy:* 31 Cyc. 863; 49 Am. Dec. 727; Story Bailments 345; 11 Peters 351. *Exercise of power to sell:* 1 Code of Laws, sec. 4105; 31 Cyc. 858;

2 Cook Corp. 476, 477, 479. *Waiver of right to redeem:* 31 Cyc. 858; 79 Fed. 522. *Pledgees duty:* 31 Cyc. 860. *Weakness of party:* 89 S. C. 352. *Delivery of deed:* 6 S. C. 124; 2 Strob. Eq. 70. *Damages:* 72 S. C. 458.

April 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Mr. Haselden and Mr. Hamer agreed to exchange certain real and personal property. The transactions that grew out of their dealings are exceedingly complicated, and it took a brief of over 400 pages to tell us about it. There is much in this case, as in too many other cases, that serves no other purpose but to confuse the real issues. It is the duty, however, of a Court of last resort to read it all, and, after days of study, to weed out the irrelevant matter and simplify and clarify as best it can. There is much conflict of testimony, but it makes no difference which statement is taken to be true, the legal result is the same. For instance, if A executes to B his bond for $1,000, secured by a mortgage of land worth $10,000, when the bond is due A comes to B and tenders him the amount due, and B says: "I will not take it. You last week executed to me an absolute conveyance of the land for the mortgage debt, and the land is now mine"—A denies the execution of the deed. Suit is brought and scores of pages of useless testimony are taken to prove and disprove the execution of the deed. Once a mortgage always a mortgage. The transaction can be converted from a mortgage to a conveyance only by a sufficient consideration, and it must appear that the transaction was in all respects fair. If B proves the execution of his deed, under the statement made his deed is merely another mortgage be the terms never so absolute.

Mr. Haselden and Mr. Hamer executed the following paper:

"*Exhibit A.*

"Dillon, S. C., November 21st, 1904.

"Mr. J. D. Haselden, Sellers, S. C.—Dear Sir: I beg to make you the following offer for inventory of property submitted below by you for sale:

| | | | |
|---|---|---|---|
| Edwards or Home tract........ | 686 acres | | |
| Haselden Grove | " ........ | 400 " | |
| Shaffer Grove | " ........ | 365 " | |
| Mill Creek | " ........ | 1,100 " | |
| Wiggins Landing | " ........ | 260 " | |
| 20 lots, 50x150, in Sellers, with ginnery, machinery, scales, and houses........... | | | $42,500 00 |
| Options 460 acres Miss C. Edwards' land ................ | $5,000 00 | | |
| 34 mules and 3 horses.......... | 4,000·00 | | |
| 75 hogs ..................... | 200 00 | | |
| Stock of corn and fodder........ | 1,500 00 | | |
| 8 cows ..................... | 150 00 | | |
| Stock of merchandise, 80 per cent. of $5,000.00 ................ | 4,000 00 | | |
| All plows and gear, 1 McCormick reaper and binder, 1 four-horse wagon, 4 two-horse wagons, 1 hayrake, all hoes, pitchforks, shovels, tools, etc............ | 300 00 | 15,150 00 | |

Sum total ........................... $57,650 00

—and payable as follows:

| | |
|---|---|
| 190 shares Dillon cotton mill stock at par..... | $19,000 00 |
| Premiums ................................ | 9,880 00 |
| 115 shares Maple cotton mill stock........... | 11,500 00 |
| Premiums and note privilege.............. | 3,720 00 |
| Cash ................................ | 10,000 00 |
| House and lots (my dwelling on)........... | 3,500 00 |

Sum total ........................... $57,650 00

13—97

"I agree to enter into contract with you for 1905 at $1,000 per annum. Also into an. agreement to share all disposition of stock in either mill share and share alike with you in case you should care to dispose of your holdings at price I had offered for mine. In other words, should I make any sale you would have the option of placing one-half the amount sold out of your number of shares. Each of us to hold possession and receive profits made to January 1st, 1905. This means any dividends declared by the mills January, 1905, are to be mine.

                    "Yours truly,

                              "WM. M. HAMER.

"Accepted and received one dollar.

                              "J. D. HASELDEN.

"Witness: L. A. Tatum."

Mr. Haselden conveyed to Mr. Hamer the land valued at $42,500. He did not deliver all the personal property, but they estimated the personal property delivered at $6,000. Before the transfer was had Mr. Hamer discovered that Mr. Haselden was considerably in debt, and much of the indebtedness was secured by mortgages on the land. Mr. Haselden admits that Mr. Hamer paid out for him, and he gave his notes for, $28,640.75, and that in order to secure him for this amount he agreed that Mr. Hamer should keep the mill stock as security.

There is a dispute as to the delivery of the deed from Mr. Hamer to Mr. Haselden for the Hamer home place. Mr. Haselden claims that the deed was delivered and left by him in Mr. Hamer's safe. Mr. Hamer claims that there was no delivery, but he held it to secure him for the amounts paid out by him for Mr. Haselden in addition to the mill stock. Now, if Mr. Hamer held the paper to secure his loans, then his rights in equity cannot rise higher than those of a mortgagee, and in equity Mr. Haselden was the owner. By this conveyance Mr.

Haselden had paid the consideration, was put in possession and made some improvements (the drainage). Equity treats him as the owner. The holding of the "title deeds" does not create a mortgage in this State, and the mortgage failed.

When Mr. Hamer claimed title to the house, and claimed that Mr. Haselden had forfeited all right to the mill stock pledged, and undertook to eject Mr. Haselden from the house, Mr. Haselden brought his suit to redeem and for an accounting. He asks to redeem and for a return of his securities. He says that he had turned over to Mr. Hamer all his property except the house; that Mr. Hamer had been collecting the income, and he did not know how much or what amount he owed Mr. Hamer; that Mr. Hamer was holding his stock as collateral security, and he wanted to know the amount of his debt so that he could redeem. This case was tried in the Circuit Court, which held that Mr. Hamer had converted the stock to his own use, charged him with its estimated value of the mill stock, and gave judgment against Mr. Hamer in favor of Mr. Haselden for $18,000, the difference between the value of the stock assigned as collateral and Mr. Haselden's note. From this judgment Mr. Hamer appealed to this Court on numerous exceptions. It is not necessary to consider the exceptions separately, because the basis of settlement was wrong, and it will be necessary to restate the account. The general rule is that a plaintiff is required to state the amount of his claim, and if the defendant admits it, there is no controversy, and judgment follows. In actions for account, where the defendant has all the property and accounts, the plaintiff comes into Court because he does not, and is not supposed to, know the amount due. The account rather than the pleadings is the basis of the judgment. Ency. of Pl. & Prac., vol. 1, p. 87. "The final judgment is based upon the auditor's report,

and only indirectly upon the declaration." The plaintiff is required to plead what he knows. Mr. Haselden knew that Mr. Hamer claimed a forfeiture, and that he (Hamer) was the owner of the stock. Notwithstanding this knowledge, he claims that Hamer holds his stock as collateral. The effect of that is to allege that he (Haselden) is the owner. The defendant, however, in his answer claims that the plaintiff has forfeited his right to redeem, and that he (Hamer) is now the owner. Hamer does not claim forfeiture in his evidence.

Who is the owner? The case shows that while the mill stock stood in Hamer's name, yet it was held by Hamer as security for the debt. There was a disputed agreement that provided for a forfeiture upon the nonpayment of the debt. Haselden claims the agreement was signed while he was unconscious. For all practicable purposes it makes no difference whether the agreement was executed when Haselden was conscious or unconscious. A provision for a forfeiture upon nonpayment of the debt was void. The law is well stated in 13 Cyc. 863: "The pledgee is not entitled upon the pledgor's default to take the property as his own in satisfaction of the debt. A provision in the contract by which the absolute property in the pledge is to vest in the pledgee upon default of the pledgor is void and the pledgor is still entitled to redeem. Nor can the pledgee cut off the pledgor's interest in the collateral by a mere notice that if the debt is not paid by a certain time, he will take the collateral as his own." So that as a matter of law the stock belonged to Mr. Haselden. Even if there was a conversion, Mr. Hamer is responsible for and Mr. Haselden is entitled to the real value of the mill stock, and there was no evidence of the real value.

In the Court of equity justice ought to be done. This was an exchange of property, and values were comparative merely. This is not denied. The record shows and it is

not denied that Mr. Hamer warned Mr. Haselden against the uncertainty of the value of mill stock.

With full warning Mr. Haselden called for and claimed the mill stock up to the time of the final hearing. It is true Mr. Hamer claimed too much, but he is entitled to that which the evidence and law gives him. He is entitled to the return of his money, which Mr. Haselden admits he owes him, and entitled to retain possession of the mill stock pledged until his debt is paid, or he forecloses his lien according to law. Mr. Haselden is the equitable owner of the stock, and entitled to all credits from dividends arising thereon and otherwise, and the case will have to be remanded to the Court of Common Pleas for Dillon county for a restatement of the account on this basis. Mr. Hamer is entitled to his debt and interest.

It is, therefore, ordered that the judgment appealed from be modified as above set forth, and the case is remanded for a restatement of accounts.

MR. JUSTICE GAGE did not sit in this case.