10027

HASELDEN v. HAMER.

(96 S. E. 403.)

APPEAL AND ERROR—REMAND—ACCOUNTING.—Where the Supreme Court ordered an accounting and the trial Court referred the case to the master, but the master, without plaintiff's fault, was unable to file his report within the time limited by the Court, it was manifest error to grant a final judgment without the accounting.

Before MEMMINGER, J., Dillon, Fall term, 1917. Reversed and remanded.

Action by J. D. Haselden against W. M. Hamer. Judgment for defendant, and plaintiff appeals.

*Messrs Willcox & Willcox, Mullins & Hughes, Joe P. Lane* and *L. D. Lide,* for appellant, cite: *As to the refusal of the presiding Judge to grant continuance desired by the*

*plaintiff:* 97 S. C. 178; 81 S. E. 424; Ency. of Pl. and Prac., vol. I, p. .87. *As to master's order appointing an expert accountant:* 89 S. C. 398; 58 S. C. 495; 49 S. C. 423.

*Messrs. W. F. Stevenson, Haynsworth & Haynsworth* and *Gibson & Muller,* for respondent. *Messrs. Haynsworth & Haynsworth,* for respondent, submit: *Motions for continuance are in the discretion of the Judge and are not appealable:* 90 S. C. 470; 93 S. C. 412; 26 S. C. 518; 18 S. C. 601; 62 S. C. —; 15 S. C 614; 41 S. C. 548; 87 S. C. 152; 89 S. C. 41. *The referee and parties were bound by the consent order:* 7 Cyc. 1519; 19 S. E. 637. *Where the order of reference fixes the time in which testimony may be given, the power of the referee is limited so that he can only take during the time thus specified:* 47 Pac. 747; 30 Pac. 685; 34 Cyc. 8112. *After the expiration of the time fixed by an order of reference in which testimony may be given, the Court may proceed as though no reference had been ordered:* 38 Atl. 86; 8 S. C. 172; 69 S. C. 283. *The appeal should be dismissed:* 41 S. C. 548; 87 S. C. 152.

July 17, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is the third appeal in this case. The former cases will be found in 97 S. C. 178, 81 S. E. 424, and 107 S. C. 164, 92 S. E. 387.

It is sufficient here to say this Court held in 97 S. C. that Mr. Haselden owed Mr. Hamer a debt, and that Mr. Hamer held certain securities of Mr. Haselden as security for debt; that Mr. Hamer had received dividends on the securities, and sent the case back in order that an accounting might be had between the parties. This accounting was not had, and in 107 S. C. the case was again sent back for the accounting. It was referred to the master for Dillon county to take the account. The master reported to the Court of Common

Pleas that the statement of the account required the service of an expert accountant, and that, inasmuch as he was not an expert accountant, he had appointed one to state the account. There was no appeal from this appointment. The Court of Common Pleas then fixed a limit for the filing of the master's report. The master then reported that the time allowed was insufficient, and the plaintiff asked for an extension of time, which was refused, and a final judgment was made without the master's report. From this judgment the plaintiff appealed. There is nothing in the record to indicate that the plaintiff was at fault in failing to get the master's report, and it was manifest error to grant a final judgment without that accounting, which this Court has ordered.

The judgment is reversed, and the case remanded to the Court of Common Pleas for Dillon county for the accounting heretofore ordered.